# Hays, Appellant, *v.* Forest Oil Company.

*Oil and gas lease—Covenants—Royalties—Condition precedent.*

An oil and gas lease provided as follows: "This lease to be null and void and no longer binding on either party if a well is not completed on the premises within three months from this date, unless the lessee shall thereafter pay monthly to the lessor five hundred dollars per month for each month's delay in completing said well; each payment to extend the time for completion for one month and no longer." *Held*, that the lessee did not covenant to pay a rental of $500 per month until a well should be com-

pletcd, or the lease surrendered and canceled, but that the monthly pay-ment was only a condition precedent and necessary to maintain the vitality of the lease until a well should be completed. Glasgow v. Chartiers Gas Co., 152 Pa. 48, followed.

Where the lessor of an oil and gas lease has treated a well as completed and has accepted royalties for two years and a half, he cannot be heard to say that the well was not completed in the first instance.

Argued Nov. 2, 1905. Appeal, No. 172, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1903, No. 1001, on verdict for defendant in case of L. O. Hays, Sr., v. Forest Oil Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on an oil lease. Before FRAZER, P. J.
The facts appear by the opinion of the Supreme Court.

FRAZER, P. J., charged, inter alia, as follows :

[As we understand this agreement, defendant is not liable for the $500 rental, in this action at least; under the clause we have just read to you, if the defendant failed to complete the well within three months that was the end of the lease; it required no forfeiture; it required no action upon the part of the plaintiff to end the term and enable him to get posses-sion of his property ; that was the end of the lease, and plain-tiff had the right to go upon the land, take possession of it and oust defendant. As we read the contract, there is no covenant or agreement upon the part of Mr. Thompson to pay the $500 ; he does not agree to pay that sum, but, under the lease if the well was not completed within the three months, lessee might secure an extension of another month by paying $500. There is nothing, however, in the contract requiring him to do so. If the well was not completed within the three months and he did not see fit to continue the lease he could surrender it by failing to make the payment. As we understand that clause, and reading it in connection with the case of Glasgow v. Gas Company, which you have heard counsel read, we are of the opinion, plaintiff, under the circumstances of this case, is not entitled to recover the rental here sued for.] [2]

[In addition to what we have said, there is another reason set up by defendant which, in our opinion, is sufficient to pre-

vent plaintiff from recovering. That is, the completion of the well; who had the right to determine when the well was completed? In the absence of bad faith upon the part of the lessee, we think that was his right. If there was any bad faith it would, perhaps, be a question for the jury; but without that it seems to us the driller, the lessee in this case, would have the right to say whether the well was completed or not. In a recent case the question was as to what was meant by "producing oil in paying quantities," and the Supreme Court used this language, and I see no reason why the principle laid down there should not be applicable to this case:

"So long as the lessee is acting in good faith on business judgment, he is not bound to take any other party's judgment, but may stand upon his own. Every man who invests his money and labor in a business does it on the confidence he has in being able to conduct it in his own way. No court has any power to impose a different judgment on him, however erroneous it may deem his to be. Its right to interfere does not arise until it has been clearly shown that he is not acting in good faith on his business judgment, but fraudulently, with intent to obtain a dishonest advantage over the other party to the contract."

[We do not recall any testimony in this case that would indicate any intent on the part of the lessee to obtain a dishonest advantage over the plaintiff. It appears the well was drilled as deep as other wells in that hundred foot sand, that in other wells in that field the pay streak was from the top of the sand, and the weight of the testimony is clearly in favor of there being but one pay streak in that sand, and that the upper pay streak. Lessee having invested his money in the venture, and being liable for any expense there was in drilling, had a right to determine when the well was completed, and having determined that it was completed after going below the first pay streak, he was not obliged to take any risks for benefit of somebody else, so long as he acted in good faith.] [2]

[We therefore direct you to render a verdict in favor of the defendant.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (2-4) above instructions, quoting them.

*D. F. Patterson*, with him *Charles S. Crawford*, for appellant cited : Aderhold v. Oil Well Supply Co., 158 Pa. 401; Gas Co. v. George, 161 Pa. 47; Wilson v. Philadelphia Co., 210 Pa. 484.

*J. McF. Carpenter*, with him *Robert W. Cummins*, for appellee cited : Glasgow v. Chartiers Gas Co., 152 Pa. 48; Snodgrass v. South Penn Oil Co., 47 W. Va. 509 (35 S. E. Repr. 820); Van Etten v. Kelly, 66 Ohio, 605 (64 N. E. Repr. 560).

OPINION BY MR. JUSTICE ELKIN, January 2, 1906 :

The plaintiff has proceeded in assumpsit to recover for monthly rentals alleged to be due under the provisions of a lease to mine for and produce petroleum and natural gas from a certain tract of land located in the county of Butler.

The plaintiff's right to recover depends upon the construction of that part of the lease which reads as follows : "This lease to be null and void and no longer binding on either party if a well is not completed on the premises within three months from this date, unless the lessee shall thereafter pay monthly to the lessor $500 per month for each month's delay in completing said well; each payment to extend the time for completion for one month and no longer. " The contention of the appellant is that the lessee covenanted to pay a rental of $500 per month until a well should be completed or the lease surrendered and canceled. The appellee denies that these provisions of the lease should be construed as a covenant to pay a monthly rental, but insists that the payment of the $500 per month is only a condition precedent and necessary to maintain the vitality of the lease until a well is completed.

The question involved is practically ruled by Glasgow v. Chartiers Gas Company, 152 Pa. 48, wherein Mr. Justice WILLIAMS, construing the provisions of an oil lease which in legal effect and almost similar language to that used in the present lease, said : "Its legal effect is to confer on the grantee the right to explore for oil on the tract described. If he does not exercise this right within one month, it is lost to him, unless he chooses to pay one hundred dollars in advance as the price of another month's opportunity to explore. If he does exercise it, and finds nothing, he is under no obligations to continue

his explorations. If he explores and finds oil or gas, the relation of landlord and tenant or vendor and vendee is established, and the tenant would be under an implied obligation to operate for the common good of both parties, and pay the rent reserved. " It was held in that case that the monthly payment was the means provided in the contract by which the right of the lessor to forfeit the lease could be postponed, but that it was not a covenant to pay a monthly rental which the lessor could assert in an action on the lease.

The learned counsel for the appellant has endeavored to distinguish that case from the one at bar. It is a distinction, however, without a difference. The two leases are almost identical in language and certainly are the same in legal effect. A reversal of the judgment in this case would mean an overruling of that one. It may be conceded that this is an improvident agreement, but inasmuch as no fraud, mistake or misrepresentation is alleged, the lease must be construed according to its plain meaning. This lease in language too plain to be misunderstood provides that it shall be no longer binding on either party if a well is not completed within three months, unless the lessee before the expiration of the three months' period shall pay lessor $500 for each month's delay in completing said well. Each monthly payment is to extend the time for completing the well one month longer. It will be observed that these monthly payments are connected with and have only to do with the forfeiture of the lease which by its own terms expires in three months from its date if a well is not completed at that time. This provision is a protection to the lessor in order that his property shall not be indefinitely tied up while the explorations are being made. On the other hand, if the lessee has not been able to complete a well within three months and still wishes to continue explorations, he can extend the time for completing the well by paying $500 each month. He does not covenant to pay a monthly rental, but reserves the right to elect to pay $500 a month, rather than forfeit his lease, until the well is completed.

On the other branch of the case the learned court below was clearly right in holding that the lessee had complied with the terms of the lease relating to the drilling of a well and that the lessor could not enforce the payment of a monthly rental

on the ground of failure to complete the well. The lessor, before and after the defendant company took over the lease, treated it as a completed well and received the royalties due under the terms thereof from the defendant from February, 1900, to September, 1902. After having treated the well as completed, and having accepted the royalties for so long a period of time, the lessor cannot now be heard to say that the well was not completed in the first instance.

Judgment affirmed.