## Jackson v. American Natural Gas Company, Appellant.

*Oil and gas lease—Lease—Rental—Forfeiture.*

An oil and gas lease covered 275 acres and was to continue for ten years, and as much longer as oil and gas were produced in paying quantities, with the right to drill for the same upon a stated royalty. The lease further provided that "in case no well is commenced within three months from date, then this grant will immediately become null and void as to both parties," with a proviso that the lessee might prevent forfeiture from quarter to quarter and not longer, by paying a certain sum per quarter "until such well was commenced." The lease further provided that when "a well was completed the rental should be reduced a certain amount per quarter," "and the well holds protection of ninety-one acres." When the second well should be completed, the rental was to be further reduced to an amount stated per quarter, and when a third well was completed the rental was to cease, "and it is understood each well holds for protection one-third of the two hundred and seventy-five acres." Two wells were commenced within the required time, but the third well was never drilled. *Held,* that the lessee on the completion of the two wells had acquired an interest in two-thirds of the entire tract, and that he was bound to pay the amount of the reduced rental per quarter, which the lease provided should be paid upon the completion of the second well.

Argued April 10, 1906. Appeal, No. 46, April T., 1906, by defendant, from order of C. P. No. 2, Allegheny Co., Oct. T., 1904, making absolute rule for judgment for want of a sufficient affidavit of defense in case of W. J. Jackson v. American Natural Gas Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON and HEAD, JJ. Affirmed.

Appeal from judgment of a justice of the peace.

From the record it appeared that on April 10, 1900, plaintiff executed a gas lease to W. G. Hunter, which was afterwards assigned to the defendant. The lease was as follows:

" In consideration of the sum of one dollar, the receipt of which is hereby acknowledged, W. J. Jackson, of Kiskiminetas township, Armstrong county, Penn'a, first party, hereby grants unto W. G. Hunter, of Allegheny city, Pa., second party, his heirs and assigns, all the oil and gas in and under the following described premises, together with the right of ingress and egress at all times for the purpose of drilling and operating for oil, gas or water, and to conduct all operations and lay all pipes, erect such buildings and tanks necessary for the production and transportation of oil, gas or water, reserving, however, to first party the equal one-eighth (1-8) part of all oil produced and saved from said premises, to be delivered in the pipe line to the credit of first party free of charge, all that certain lot of land situate in the Township of Kiskiminetas, County of Armstrong, in the State of Pennsylvania, bounded and described as follows, to-wit: North by lands of Cocheran and McLaughlin and R. Beck and Martin heirs; East by lands of J. Y. and S. M. Jackson; West by lands of George and McClelland Kerr; South by lands of Mathias Bousterd and J. A. Wylie; containing 275 acres, more or less.

" To Have and to Hold the Above Premises unto the parties of the second part, his heirs, executors and assigns, on the following conditions: Term, ten years, and as much longer as oil or gas is produced in paying quantities.

" If gas only is found, second party agrees to pay at the rate of $200 each year, payable quarterly in advance, for the product of each well while the same is being used off the premises and marketed.

" Whenever first party shall request it, second party shall

bury all gas lines, and pay all damages done to growing crops by reason of burying and removing of said pipe lines.

" No well shall be drilled nearer than 300 feet to the house or barn on said premises without the consent of both parties hereto.

"In case no well is commenced within three months from this date, then this grant shall immediately become null and void as to both parties. Provided, that second party may prevent such forfeiture from quarter to quarter, and no longer, by paying to the first party at the rate of sixty-eight 75-100 dollars per quarter at office of the American Natural Gas Company, Pittsburg, until such well is commenced.

" The second party shall have right to use sufficient gas, oil and water to run all necessary machinery placed on the within or neighboring premises owned or operated by them, and also the right to remove all his property at any time.

" All monies that may become due under this instrument payable to W. J. Jackson by check of the American Natural Gas Company mailed to his address, Apollo, Pa. When a well is completed, the rental is thereby reduced to $183.33 per year, or $45.83 per quarter, and the well holds protection of ninety-one acres. When second well is completed, the rental is reduced to $91.66 per year, or $22.91 per quarter; and when a third well is completed the rental ceases, and it is understood each well holds for protection one-third of the 275 acres."

The defendant company completed two wells prior to July 9, 1902. On July 9, 1902, the defendant gave the plaintiff the following notice:

" PITTSBURG, PA., July 9th, 1902.
" Mr. W. J. Jackson, Apollo, Pa. :

" Dear Sir—In view of the fact that our operations in your vicinity have been very disappointing, we have decided not to make any further payment of rental on your oil and gas lease, dated April 10th, 1900, and hereby notify you that we consider our rights forfeited and our obligations at an end, as far as they pertain to the undrilled one-third of the farm.

" Yours very truly,
" AMERICAN NATURAL GAS COMPANY."

The plaintiff now sues for rental at the rate of $22.91 per quarter from July 10, 1902, to July 10, 1904, making the sum of

$160.37.   The defendant in its affidavit of defense claimed that under the forfeiture clause in this lease, as decided in the case of Glasgow v. Chartiers Oil Company, 152 Pa. 48, the defendant was not liable.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Lyon, McKee & Mitchell*, for appellant.—This case is clearly ruled by Glasgow v. Chartiers Gas Co., 152 Pa. 48, and McKee v. Colwell, 7 Pa. Superior Ct. 607.

*Harvey A. Miller*, for appellee.

OPINION BY PORTER, J., October 5, 1906:

The plaintiff granted to the assignor of the defendant the oil and gas under the grantor's tract of land, containing 275 acres, in Armstrong county, and the right to go upon and operate the land for oil and gas purposes.   The lease, or right granted, was to continue for ten years, and as much. longer as oil and gas were produced in paying quantities, with the right to drill for the same upon the royalty of one-eighth part of the oil produced and $200 per year for the product of each gas well so long as marketed off the premises.   The grant contained the following conditions: "In case no well is commenced within three months from date, then this grant shall immediately become null and void as to both parties.   Provided that the second party may prevent such forfeiture from quarter to quarter, and not longer, by paying to the first party, at the rate of $68.75 per quarter, at the office of the American Natural Gas Company, Pittsburg, until such well is commenced."   The lease contained no covenant to pay in case of a failure of the lessee to commence operations on the land, and the only liability which the lessee, or his assignee, would have incurred from such a failure to begin operations would have been that fixed by the express covenants of the lease, viz.: that the grant should become null and void as to both parties.   No action could have been maintained to recover the amount of $68.75 per quarter, which it was necessary

for the lessee to pay in order to avoid a forfeiture: Glasgow v. Chartiers Gas Company, 152 Pa. 48; Hays v. Forest Oil Company, 213 Pa. 556; McKee v. Colwell, 7 Pa. Superior Ct. 607; McMillan v. Philadelphia Company, 159 Pa. 142.

The defendant did not, however, fail to commence a well within three months from the date of the lease, but did in fact with due diligence complete two wells upon the leased premises. The above-quoted clause of the lease, therefore, never went into effect and the rights of the parties are to be determined independently of it, and under the following covenant: " All moneys that may become due under this instrument payable to W. J. Jackson by check of the American Natural Gas Company, mailed to his address, Apollo, Pennsylvania. When a well is completed, the rental is thereby reduced to $183.33 per year, or $45.83 per quarter, and the well holds protection of ninety-one acres. When second well is completed, the rental is reduced to $91.66 per year, or $22.91 per quarter, and when a third well is completed the rental ceases, and it is understood each well holds for protection one-third of the two hundred and seventy-five acres." The agreement furnished no means of determining what part of the tract should be protected by the first and second wells drilled. The farm was dealt with as an entirety, and the effect of this clause of the lease was to vest in the lessee an actual interest in the land, during the term of ten years. As soon as the first well was completed, that well protected the interest of the lessee in one undivided third of the 275 acres, when a second well was completed his interest was protected as to two undivided thirds of 275 acres, and had he completed a third well his interest in the oil and gas under the entire 275 acres would have been absolutely protected to the end of the ten-year term. The amount to be paid after the completion of the first and second wells is by the parties called a rental, whereas they had not so designated the moneys which were to be paid by the lessee in order to avoid a forfeiture before operations were commenced; thus clearly indicating that they understood the meaning of the term rental and here used it in the sense of money paid for the use of land under a covenant. The appellants having completed two wells on the 275 acres have acquired the right to hold two-thirds of the entire

tract, for the purposes of the lease, without any possibility of forfeiture, and in consideration of the right thus acquired they have, under the clause of the lease last quoted, agreed to pay the appellee, as a rental, the sum of $22.91 per quarter.

The judgment is affirmed.