## PUCINI et al. v. BUMGARNER.

No. 8918—Opinion Filed Oct. 8, 1918.

(175 Pac. 537.)

(Syllabus.)

1. **Oil and Gas—Covenants of Lease—Cash Bonus — Consideration — Mutuality — Termination by Lessor.**

Where a cash bonus of $130 was paid for an oil and gas lease on 130 acres of land which provided that lessee should complete a well within one year from date, or pay an annual rental of $130, and further providing that the lessee might at any time on the payment of one dollar surrender the leased premises and terminate all future liabilities under the lease, held, that the cash bonus supported each and all the covenants of the lease, and held further that the presence of the surrender clause did not render the lease void for want of mutuality nor confer on the lessor the right to terminate said lease at will.

2. **Same—Lease—Surrender Clause—Validity.**

Where the surrender clause in an oil and gas lease provides that such surrender clause and the option therein contained shall cease and become absolutely inoperative upon the institution of any suit by the lessee to enforce the lease or any of its terms or to recover possession of the leased lands or any part thereof, against or from the lessor, his heirs, personal representatives, or assigns, or any other person, and such condition is supported by a sufficient consideration, held, that said provision is valid and binding, and, when lessee files suit to enjoin lessor from re-leasing said premises and further interfering with lessee's rights under the lease, that said surrender clause becomes inoperative, and the lessee thereby becomes bound to perform the covenants of the lease and is entitled to be protected in his rights under the lease.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action for injunction by Victor Pucini and another against W. M. Bumgarner. Judgment for defendant on the pleadings and

plaintiffs bring error. Reversed, and cause remanded.

James A. Veasey, L. G. Owen, and C. F. Green, for plaintiffs in error.

W. C. Hughes, for defendant in error.

HARDY, J. Plaintiffs in error as plaintiffs below brought this action to enjoin defendant from executing an oil and gas mining lease covering certain lands and to establish as a valid and subsisting contract a prior lease executed thereon by defendant under which plaintiffs claim, and to enjoin defendant from interfering in any way with plaintiffs' rights thereunder. After issues were joined, the court sustained defendant's motion for judgment on the pleadings and rendered judgment denying the relief sought.

The lease covered 130 acres, was for a period of five years, and a cash bonus of $130 was paid. The lessee agreed to complete a well in one year from date or pay rentals at the rate of $130 for each additional year such completion was delayed. The lease contained a conditional surrender clause as follows:

"The party of the second part, successors or assigns, shall have the right at any time, on the payment of one dollar to the parties of the first part, their heirs or assigns, to surrender this lease for cancellation after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine; provided, this surrender clause and the option therein reserved to the lessee shall cease and become absolutely inoperative immediately and concurrently with the institution of any suit in any court of law or equity by the lessee to enforce this lease, or any of its terms, or to recover possession of the leased land, or any part thereof, against or from the lessors, their heirs, executors, administrators, successors or assigns, or any person or persons."

The presence of this clause did not render the lease void for lack of mutuality nor confer upon the lessor the right to terminate same at will. The contract was based upon a sufficient consideration which supported all of its covenants, including the stipulation under consideration. The parties had agreed for the consideration paid that the lessor might have the option, by complying with the terms of the surrender clause, to relieve himself from any further liability under the contract, and the court should not make for them a contract which they did not enter into. The question here presented was considered, and the previous decisions of this court reviewed, in Northwestern Oil Co. v. Branine, 71 Okla. 107,

175 Pac. 533, where the precise contention of defendant in error was urged and rejected. The lease in Brown v. Wilson, 58 Okla. 392, 160 Pac. 94, L. R. A. 1917B, 1184, was for a cash bonus of $1 which was held to support the first term of the lease only, and the consideration as a whole for the contract was held to be the development of the leased premises.

The surrender clause here involved is different from that considered in any previous opinion of this court in that it provides:

"This surrender clause and the option herein reserved to the lessee shall cease and become absolutely inoperative immediately and concurrently with the institution of any suit in any court of law or equity by the lessee to enforce this lease or any of its terms. * * *"

It is urged that, even though the lessee might relieve himself of any liability under the contract, by the terms of the clause in question when plaintiffs commenced this action, the surrender clause was waived, and plaintiffs thereby placed themselves in a position where specific performance could be had against them, and, having done so, they were entitled to claim specific performance against defendant. This court had refused to award specific performance of a contract to execute an oil and gas lease when the lease proposed contained a surrender clause under which the lessee could relieve himself of any liability to comply with its terms. Superior Oil & Gas Co. v. Mehlin, 25 Okla. 809, 108 Pac. 545, 138 Am. St. Rep. 942; Hill Oil & Gas Co. v. White, 53 Okla. 748, 157 Pac. 710. And has refused specific performance of an oil and gas mining lease containing such surrender clause. Kolachny v. Galbreath, 26 Okla. 772, 110 Pac. 902, 38 L. R. A. (N. S.) 451. And also refused such relief where a lease required the payment of certain rentals for failure to develop, and further provided that a failure to commence operation or pay should render the lease null and void. Warner v. Page, 58 Okla. 251, 159 Pac. 267. But in none of these cases was the situation here presented involved or considered. By the above-quoted provision, it was stipulated that upon the filing of an action in any court of law or equity, the surrender clause and the option therein contained should cease and become absolutely inoperative. This provision was voluntarily agreed to for a consideration sufficient in law and satisfactory to the parties and should be given effect unless it contravenes some rule of law. Instead of doing this, it is in keeping with the holding of this court in Kolachny v. Gal-

breath, supra, where it was held that the option to determine the lease at any time deprived the plaintiff of the right to specific performance, until he had performed the contract or placed himself in such a position that he might be compelled to perform. This statement of the rule was reaffirmed in Hill Oil & Gas Co. v. White, 53 Okla. 748, 157 Pac. 710, and Warner v. Page, 59 Okla. 259, 159 Pac. 264. These decisions recognize the rule that specific performance will be denied unless, first, the lessee has performed, or, second, has placed himself in a position where performance by him could be compelled. This is the position in which plaintiffs say they have placed themselves, and urge that by their act of commencing this suit they have waived the surrender clause and thereby become bound for the rentals during the entire term of the lease in case a well should not be completed by them.

It is a well-established rule of equity that specific performance may be waived in that class of contracts in which one party was not originally bound or against whom the equitable remedy could not be obtained where such party by his subsequent acts, omissions, or assent waives the objection of want of mutuality and places himself in a position that performance by him may be compelled, and in such cases he may thereafter claim and enforce specific performance against the other party. Pomeroy on Contracts, § 171; Elliott on Contracts, § 2281. The most common application of this rule is where the statute of frauds requires a memorandum to be signed by the parties. In such case a party not signing may have specific performance against the party who signed by filing a bill therefor and tendering performance on his part. The filing of the bill and tender of performance supplies the want of mutuality. Pomeroy on Contracts, § 170: Elliott on Contracts, § 2281; Western Timber Co. v. Kalama River Lumber Co., 42 Wash. 620, 85 Pac. 338, 6 L. R. A. (N. S.) 397, 114 Am. St. Rep. 137, 7 Ann. Cas. 667; Perry v. Paschal, 103 Ga. 134, 29 S. E. 703; O'Brien v. Boland, 166 Mass. 481, 44 N. E. 602; Ullsperger v. Meyer, 217 Ill. 262, 75 N. E. 482, 2 L. R. A. (N. S.) 221, 3 Ann. Cas. 1032; West v. Washington Ry. Co., 49 Ore. 436, 90 Pac. 666; Law v. Smith, 68 N. J. Eq. 81, 59 Atl. 327.

From these authorities we understand the rule to be that the question whether mutuality of remedy exists in order to entitle plaintiff to specific performance must be determined at the time of filing the bill, and that an offer of performance by the party commencing the action creates mutuality of remedy and gives to the court jurisdiction and power to render a decree that will be operative against both of the parties. The defendant was bound by the terms of the contract, and, if lack of mutuality in remedy existed, the plaintiffs have bound themselves by filing the bill and offering to perform. Having submitted themselves to the jurisdiction of the court and invoked its judicial power to render a decree that will be binding and enforceable against both parties, they have waived the surrender clause and cannot hereafter be heard to say that the decree would not be binding. In Downey v. Gooch (D. C.) 240 Fed. 527, the United States court for the Eastern district of this state considered an oil and gas lease containing a surrender clause similar to that now under consideration, and held that plaintiff in that action having instituted a suit could not legally avail himself of the surrender clause, and that the lease for any future consideration stood as though that clause had never been inserted.

The surrender clause is also said to be harsh, inequitable, and unfair in its terms, and it is urged that specific performance should be denied for that reason. The reason it is said to be harsh and unfair is in that it authorizes the lessee to waive same and thereby deprive the lessor of the right to declare the lease terminated. If this criticism were well founded, there could be no objection to the parties' entering into a contract of that kind for a sufficient consideration. While it conferred upon the lessee the option to avail himself of the provision of the surrender clause, that was the very thing for which the lessee paid his money and which the lessor granted in consideration of the sum received.

The judgment is reversed, and the cause remanded.

OWEN, J., concurs in the conclusion. TURNER, J., not participating.