## SOUTHWESTERN OIL CO. v. McDANIEL et al.

No. 9362—Opinon Filed Oct. 29, 1918.

(175 Pac. 920.)

(Syllabus)

### 1. Oil and Gas — Lease — Forfeiture — Waiver.

Where a lessor in an oil and gas lease, after cause for forfeiture has accrued, fails to signify to the lessee his intention to avoid the lease in some unequivocal manner, and thereafter accepts rentals in lieu of development, such conduct on the part of the lessor amounts to a waiver of the right to declare a forfeiture.

### 2. Same — Lease — Construction — Commencement of Well.

Where an oil and gas mining lease dated May 14, 1912, provided that a test well should be commenced within five miles of the leased premises before September 1, 1912, and further provided that a well should be commenced on the leased premises within two years of said date, or certain agreed rentals were to be paid, held, that the time in which the well on the leased premises should be commenced or rentals paid should be computed from September 1st, and not from the date of the lease.

### 3. Same — Development — Payment of Rentals.

Where an oil and gas lease contains an express stipulation for delay in development by the payment of rentals, held, that an implied covenant for development will not be permitted to change the agreement of the parties.

Error from District Court, Noble County; W. M. Bowles, Judge.

Action by C. S. McDaniel and C. E. McDaniel against the Southwestern Oil Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Geo. S. Ramsey, Wm. H. England, Edgar A. deMeules, Malcolm E. Rosser, Villard Martin, and J. Berry King, for plaintiff in error.

Garber & Kruse, B. T. Hainer, and Burns & Toney, for defendants in error.

HARDY, J. Plaintiffs, who were lessors, sought to set aside an oil and gas mining lease executed to defendant, on the ground of alleged failure upon the part of the lessee to comply with the terms thereof. The lease was for a cash bonus of $1, paid upon its execution and delivery, and in addition to the usual covenants the lessee agreed to commence a test well within five miles of the leased premises before September 1, 1912, and also agreed to commence a well on the premises leased within two years of said date, or thereafter pay to the lessors the sum of $24 per annum for any further delay. A well was commenced within five miles of the leased premises by the date fixed, which was drilled to a depth of 1,315 feet at an approximate cost of $6,000. When this depth was reached, drilling was stopped. Thereafter, no well having been commenced on the plaintiff's premises, the lessee paid to plaintiffs on August 31, 1914, the sum of $24 for which plaintiffs executed a receipt, acknowledging same for the period in full, to September 1, 1915. On August 28, 1915, the lessee paid plaintiffs $24 which was accepted as to the amount due for the period ending September 1, 1916. Before September 1, 1916, lessee tendered plaintiffs the sum due for the period ending September 1, 1917, which was refused.

It is not necessary to decide whether a well drilled to a depth of 1,315 feet was a strict compliance with the covenant in the lease to drill a well within five miles of plaintiffs' premises, because, after drilling had ceased and with knowledge of this fact, plaintiffs accepted two annual installments of rental, and this conduct upon their part constituted a waiver of the failure, if any, to fully comply with this provision. Assuming that lessee failed to drill said well in accordance with the agreement, it lay with the lessors to elect whether they would take advantage of this failure by the lessee so to do and declare the lease forfeited or to waive the breach of the stipulation and require performance of the remaining covenants; and if, with notice of the alleged breach by the lessee, the lessors say, under circumstances that bind them, they will not avoid the lease and do any act inconsistent with their right to declare a forfeiture, such as accepting rentals due under the terms of the lease, they will be conclusively held to have waived the right to declare a forfeiture. It is by his own act, and not that of the lessee, that the lease may be terminated, and, of course, it is by his own act that a lessor is placed in a position where he cannot afterwards insist upon forfeiture; for it is the duty of the lessor, when a cause for forfeiture accrues, to signify in some unequivocal manner to the lessee his intention to terminate the lease. He cannot with full knowledge of his rights permit the lessee to continue payment of delay money under the belief that the cause for forfeiture has been waived and afterwards refuse to be bound

oy the lease. Camp v. Scott, 47 Conn. 366; Perry v. Acme Oil Co., 44 Ind. App. 207, 88 N. E. 859; Duntley v. Anderson, 169 Fed. 391, 94 C. C. A. 647; Hays v. Forest Oil Co., 213 Pa. 556, 62 Atl. 1072; Lewis v. Ocean Nav. & Pier Co , 125 N. Y. 341. 26 N. E. 301; Gradle v. Warner, 140 Ill. 133, 29 N. E. 1118; Allen v. Dent, 4 Lea (Tenn.) 676; Bowers on Law of Waiver, §§ 60, 61; Thornton on Oil & Gas, § 803; Archer, Oil & Gas, p. 467.

The failure to drill a well upon plaintiffs' premises after drilling had ceased at the first well was not an abandonment of the lease. It was provided that the lessee after drilling the test well should drill upon plaintiffs' premises or pay rentals at a stipulated rate for delay in commencing drilling operations thereon, and two installments of such rentals were paid and a third tendered. The authorities relied upon by plaintiffs in support of their contention that the failure to drill upon the leased premises constituted an abandonment are in cases where the first well was drilled upon premises covered by the lease and where no developments were thereafter had and no payments made for delay. Here lessors accepted rentals for delay after operations had ceased which was paid in compliance with the terms of the agreement.

The rentals were paid in time. The test well was to be drilled before September 1, 1912, and a well was to be commenced on plaintiffs' premises within two years of said date or rentals paid for delay. The lease was dated May 14, 1912, and lessors contend that the time in which the well on the leased premises should be commenced must be computed from the date of the lease and not from September 1st. This contention is wrong. Grammatically construed, the words, "within two years of said date," refer to their next preceding antecedent, viz., September 1, 1912. Ellis v. Horine's Devisees. 8 Ky. (1 A K. Marsh.) 417; Garrett v. South Penn Oil Co., 66 W. Va. 587, 66 S. E. 741; Hinrichsen v. Hinrichsen, 172 Ill. 462, 50 N. E. 135. If the meaning of this clause were obscure or ambiguous the construction placed thereon by the parties before any controversy arose between them is entitled to great consideration. Rentals were paid and accepted on the theory that they were due September 1st, and not May 15th, and in plaintiffs' original petition it was alleged that plaintiffs had declined to accept the rentals which came due on the 1st day of September, 1916. At the trial the petition was amended so as to allege that said rentals came due on May 15th. By their conduct the parties construed this provision as meaning that the rentals were due and payable on September 1st; and, their conduct not being in conflict with the reasonable meaning of the language contained in the written instrument, the same should be given effect. Bearman v. Dux Oil Co., 64 Okla. 147, 166 Pac. 199; Lafayette v. Lafayette, 64 Okla. 93, 166 Pac. 169. There is no controversy between the parties that the lease was executed for a sufficient consideration, and, this being true, lessors were not authorized to terminate the lease at their election, because it gave to the lessee an option to elect whether it should drill upon plaintiffs' premises or pay rentals in lieu thereof. The lease was for a period of ten years and as long thereafter as oil and gas were found in paying quantities. The consideration supported each and every covenant in the lease, including the option to pay rentals in lieu of drilling upon the leased premises not to exceed the ten-year term of the lease. Northwestern Oil & Gas Co. v. Branine, 71 Okla. 107, 175 Pac. 533: Pucini et al. v. Bumgarner, 71 Okla. 105, 175 Pac. 537.

Development was not the sole consideration. The cash bonus, the drilling of the test well, and the agreement to drill upon the leased premises or pay rentals in lieu thereof, were all a part of the consideration. The question whether the amount agreed to be paid as rentals is inadequate is not raised by the pleadings nor in the evidence, and in this condition of the record we will assume that same was sufficient and satisfactory to the parties at the time the lease was executed. There being an express stipulation for payment of rentals after drilling the test well for delay in development of the leased premises this stipulation must be given effect according to the intention of the parties. Northwestern Oil & Gas Co. v. Branine, supra; Pucini et al. v. Bumgarner, supra. The question of delay in development is expressly covered by the terms of the agreement for a consideration good at law and satisfactory to the parties at the time the lease was entered into, and there is nothing in the laws of this state which renders such an agreement unenforceable when fairly entered into. No implied covenant for development has ever been permitted to stand against such express agreement, for all the authorities agree that acceptance of stipulated rentals for delay must be treated as full compensation for delay during the period for which such rentals were paid and received. Kachelmacher v. Laird, 92 Ohio St. 324. 110 N. E. 933, Ann. Cas. 1917E,

1117; Carper v. United Fuel & Gas Co., 78 W. Va. 433, 89 S. E. 12, L. R. A. 1917A, 171; Guffey v. Smith, 37 U. S. 101, 35 Sup. Ct. 526, 59 L. Ed. 856.

From what has been said, it appears that the trial court erred in granting plaintiffs the relief prayed, and the judgment is reversed, and the cause remanded, with directions to render judgment for defendants.

All the Justices concur, except TURNER. J., who concurs in conclusion.