**FRAILEY et al. v. SOUTHWESTERN OIL CO. et al.**

No. 9826—Opinion Filed Nov. 19, 1918,

. Rehearing Denied Dec. 24, 1918.

(176 Pac. 736.)

(Syllabus.)

**Oil and Gas Lease—Cancellation.**

Affirmed on authority of Southwestern Oil Co. v. McDaniel et al., 71 Okla. 142, 175 Pac. 920.

Error from District Court, Noble County; W. M. Bowles, Judge.

Action by T. A. Frailey and another against the Southwestern Oil Company and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

H. A. Johnson, for plaintiffs in error.

Geo. S. Ramsey, Wm. H. England, and : Thrift & Davenport, for defendants in error.

HARDY, J. Plaintiffs in error commenced this action to cancel an oil and gas mining lease executed by them on May 8, 1912, to defendant in error Southwestern Oil Company, said lease being owned at the time suit was commenced by Southwestern Oil Company and Bermont Oil Company. The lease involved is the same lease in form as that involved in Southwestern Oil Co. v. McDaniel, 71 Okla. 142, 175 Pac. 920, with the exception that the lessee in the McDaniel Case agreed to commence a well within five miles of the McDaniel land before September 1, 1912, whereas in this case the lease required the lessee to commence a well within three miles of plaintiffs' land before said date.

Plaintiffs sought to cancel the lease for alleged failure of the lessee to commence and drill a well within three miles of plaintiffs' premises as required by the lease, and also for alleged failure to drill a well on plaintiffs' land within two years from the date of the lease. Defendants denied that breach of any of the covenants of the lease had occurred, and affirmatively pleaded that a well was drilled within three miles of plaintiffs' premises in accordance with the terms of the lease in which no oil or gas was discovered, and that after the drilling of said test well plaintiffs accepted rentals due under the terms of the lease for the years beginning September 1, 1914, and September 1, 1915, with full knowledge as to when such test well was commenced and completed, and thereby waived the further drilling of such community well.

The case was tried to the court without a jury, and resulted in a judgment for defendants.

A test well was drilled within three miles of plaintiffs' premises to the depth of 1,315 feet, and it is claimed that this was not in compliance with that covenant of the lease, and it is further claimed that the acceptance of two annual installments of rentals in lieu of delay for drilling on the leased premises after operations in the test well had ceased does not deprive plaintiffs of the right to have said lease canceled and removed as a cloud from their title.

The facts being, in all essential particulars the same as those in the McDaniel Case, and the questions of law being identical, this case is affirmed on the authority of the opinion therein.

All the Justices concur.