## SOUTHWESTERN OIL CO. v. BECHTEL et al.

No. 9314—Opinion Filed Dec. 3, 1918.

(179 Pac. 108.)

(Syllabus.)

### Cancellation of Oil and Gas Lease.

Reversed upon the authority of N. W. Oil & Gas Co. v. Branine, 71 Okla. 107, 175 Pac. 533; S. W. Oil & Gas Co. v. McDaniels, 71 Okla. 142, 175 Pac. 920; Rich v. Doneghey, 71 Okla. 204 177 Pac. 86; Eastern Oil Co. v. Beatty. 71 Okla. 275, 177 Pac. 104.

Error from District Court, Kay County; W. M. Bowles, Judge.

Suit in equity by J. W. Bechtel and an-

other against the Southwestern Oil Company. Judgment for plaintiffs, and defendant brings error. Reversed, and cause remanded with direction to dismiss petition.

Geo. S. Ramsey, Wm. H. England, Edgar A. De Meules, Malcolm E. Rosser, Villard Martin, and J. Berry King, for plaintiff in error.

J. E. Curran, for defendants in error.

KANE, J. This was a suit in equity to cancel an oil and gas lease, commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below, upon the ground that the lease was a unilateral contract, optional with the lessee, and therefore optional with the lessor.

Upon trial to the court there was judgment and decree in favor of the plaintiff, to reverse which this proceeding in error was commenced.

The lease involved herein is what is commonly known as an "unless" lease without a surrender clause. It was executed on the 26th day of July. 1911, and contains the following provisions:

"The lessor herein leases and grants to the said lessee, or his assigns, the exclusive right to drill and operate for oil and gas upon the described premises for a full term of ten years, and as long thereafter as oil and gas is produced from said land leased, with the right to use and occupy so much of the surface land and premises herein leased as may be needful and proper in operating for and transporting oil and gas, and with the free right to use any water on the premises necessary in operating for said oil and gas."

The lease also contains the following provisions:

"This lease to be null and void and no longer binding on either party if a well is not commenced on the premises within two years from this date, unless the said lessee shall pay for further delay at the rate of thirty two ($32.00) dollars per annum. A deposit in the Farmers' National Bank of Ponca City, Oklahoma, to the credit of lessor, to be a good and lawful payment of my moneys on this lease."

The plaintiffs admitted at the trial that the defendant paid, and they received, the $32 delay rental necessary to extend the drilling period from July 26, 1913, to July 26, 1914, and also that the defendant paid, and they received, the $32 delay rental covering the period from July 26, 1914, to July 26, 1915, and that both payments were made on time. It was also shown that the subsequent payments of delay money were tendered in due time by the defendant and refused by the plaintiffs.

The contention of the plaintiffs, as we understand it, is that, inasmuch as the "unless" clause in the lease gives the lessee an option to delay drilling beyond the two-year period upon the payment of a stipulated sum per annum, the right exists in the lessor to refuse the delay money, and declare the lease void, any time before actual development takes place. On the other hand, counsel for the defendant contend that the lessee having paid $1 for the lease, which sum supports not only the lessee's privilege of operating upon the land within two years from the date of the contract lease, but supports the option of the lessee to continue the privilege from year to year (not exceeding 10 years from date of lease), upon the payment of $32 per annum in advance, and the continuation of the privilege to drill beyond the first drilling period of two years was not optional with the lessors, but was optional with the lessee.

The court below sustained the contention of the counsel for the plaintiffs upon the authority of Brown v. Wilson, 58 Okla. 392, 160 Pac. 94, L. R. A. 1917B, 1184, and canceled the lease as prayed for. The opinion of the majority of the court in that case, although the lease involved therein was an "unless" lease containing a surrender clause, undoubtedly supports the judgment of the trial court. This case, however, is no longer controlling on the question now under consideration, as it has been overruled in that respect by the court in the following opinions recently handed down, but not yet officially reported: N. W. Oil & Gas Co. v. Branine, 71 Okla. 107, 175 Pac. 533; S. W Oil & Gas Co. v. McDaniels, 71, Okla. 142, 175 Pac. 920; Rich v. Doneghey, 71 Okla. 204, 177 Pac. 86; Eastern Oil Co. v. Beatty, 71 Okla. 275, 177 Pac. 104.

Upon the authority of these cases the judgment of the court below must be reversed, and the cause remanded, with directions to dismiss the plaintiff's petition.

All the Justices concur.