## MAUD OIL & GAS CO. v. BODKIN et al.

No. 8916.—Opinion Filed March 4, 1919.

Rehearing Denied May 27, 1919.

(Syllabus by the Court.)

**1. Oil and Gas—Covenants of Lease—Consideration—Mutuality—Termination.**

Where a cash bonus of $1 is paid for an oil and gas lease, which provides that the lessee shall commence drilling a well within one year from the date thereof, or pay an annual rental of $20, and further provides that the lessee may at any time upon the payment of the further sum of $1 to the lessor surrender the lease for cancellation, and all payments and liabilities thereafter to accrue to cease and terminate, held, that the $1 cash bonus supports each and all the covenants in the lease, and that the presence of the surrender clause therein did not render the same void for want of mutuality, nor confer on the lessor the right to terminate said lease at will.

**2. Same—Forfeiture—Waiver.**

Where a lessor in an oil and gas lease, after cause for forfeiture has accrued for non-payment of rentals, fails to signify his intention to avoid the lease in some unequivocal manner, and thereafter accepts rentals in lieu of development, such conduct on the part of the lessor amounts to a waiver on his part to declare a forfeiture.

**3. Same—Construction—Rentals.**

Where an oil and gas lease provides that the lessee shall complete a well on said premises within one year from the date thereof, or pay at the rate of $20 for each additional year after such completion is delayed, and no time is fixed in the lease as to when said rental shall become due and payable, applying a strict rule of construction thereto, as against the lessee and in favor of the lessor, such rental is payable in advance at the beginning of the year for which it is to be paid.

Error from District Court, Pottawatomie County; Chas B. Wilson, Jr., Judge.

Action to quiet title by J. B. Bodkin and another against the Maud Oil & Gas Com-

pany. Demurrer to answer and cross-petition sustained, and judgment for plaintiffs, and defendant brings error. Affirmed.

Arrington & Arrington and Fred Ptak, for plaintiff in error.

Maben & Pitman, for defendants in error.

RAINEY, J. This action was instituted by J. B. Bodkin and Lyda Bodkin in the district court of Pottawatomie county, to quiet title to a certain tract of real estate. The Maud Oil & Gas Company answered by alleging that it held an oil and gas lease on the premises through legal assignments; that the same was a valid and subsisting lease and had not been annulled or canceled, and by way of cross-petition asked for a specific performance of its lease, a copy of which was incorporated in the cross-petition. A demurrer was sustained to this answer and cross-petition, and the plaintiffs then introduced their evidence, on which the court rendered judgment canceling the lease.

Among others, the lease contained the following provisions:

"The party of the second part agrees to complete a well on said premises within 1 year from the date hereof, or pay at the rate of twenty dollars for each additional year after such completion is delayed from the time above mentioned for the full completion of such well until a well is completed; and it is agreed that the completion of such a well shall be and operate as a full liquidation of all rent under this provision during the remainder of the term of this lease. * * *

"For and in consideration of one dollar, the receipt of which is hereby acknowledged, the first parties hereby expressly waive their right to demand or declare a cancellation or forfeiture of this lease, except for the nonpayment of rentals when due; and further agree that the party of the second part, his successors or assigns, shall have the right at any time on payment of one dollar to parties of the first part, their heirs, or assigns, to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine."

The lease also contained a provision that all payments accruing thereunder might be deposited by the lessee to the lessor's credit in the Maud State Bank, of Maud, Okla.

The evidence in the case shows that the lease was executed on the 5th day of April, 1913, for a recited cash bonus of $1, which was paid at the time; that $20, rental or delay money, was paid the lessor and accepted by him in June, 1915. The next yearly payment of delay money was made about the 1st of March, 1916, by depositing the $20 stipulated in the lease to the lessor's credit,

in the Maud State Bank, of Maud, Okla., which bank immediately notified the lessor of the deposit having been made. The lessor testified that after the payment in June, 1915, he decided that he would not accept any more rentals under the lease, so, accordingly, when the Maud State Bank advised him that the rental had been deposited to his credit, he advised it he would not accept the money.

The case is briefed and appears to have been tried on the theory that because of the presence of the surrender clause in the lease the lessor had the right to terminate the lease at will, and Brown et al. v. Wilson et al., 58 Okla. 392, 160 Pac. 94, L. R. A. 1917B, 1184, is cited in support thereof. The trial court followed this decision, but since the trial of the cause the rule announced in Brown v. Wilson has been overruled by Rich v. Doneghey et al., 71 Oklahoma, 177 Pac. 86, and we now hold, in accord with the great weight of authority, that the down payment or cash bonus consideration in the lease supports all its covenants, and that an oil and gas lease is not subject to cancellation merely because of the presence of the surrender clause therein. Northwestern Oil & Gas Co. v. Branine et al., 71 Oklahoma, 175 Pac. 533.

According to the evidence, no well has ever been drilled or commenced on the leased premises, so there became due under the terms of said lease for the year from April 5, 1914, to April 5, 1915, the sum of $20, as delay money, which appears not to have been paid until June, 1915. By accepting the payment in June for the amount due for the year ending April, 1915, the lessor waived his right to forfeit the lease. Such is the holding of this court in the case of Southwestern Oil Co. v. McDaniel et al., 71 Oklahoma, 175 Pac. 920, wherein it was held:

"Where a lessor in an oil and gas lease, after cause for forfeiture has accrued, fails to signify to the lessee his intention to avoid the lease in some unequivocal manner, and thereafter accept rentals in lieu of development, such conduct on the part of the lessor amounts to a waiver of the right to declare a forfeiture."

By its terms the lease was subject to forfeiture for nonpayment of rentals. The rental or delay money for the year commencing April 5, 1915, was deposited to the lessor's credit in the depository designated in the lease on March 3, 1916, which was after the beginning, but prior to the expiration, of the year for which said rental was due. Plaintiff's contention is that this rental was due in advance on April 5, 1915, at the beginning of the year, and defendant's contention is that it had the right to pay the yearly rental

at any time within the year, and, the payment having been made within the year for which it was due, the terms of the lease have not been breached, and that said lease is not subject to forfeiture. The case of Bearman v. Dux Oil & Gas Co. et al., 64 Oklahoma, 166 Pac. 199, is the only case in this jurisdiction that we have been able to find that discusses the question of the time of payment of delay money where the lease, by express terms, did not fix the time of payment, but we think is decisive of the question here presented. Although the evidence in that case showed that the parties to the lease, by their actions, had construed it to require the rentals to be paid in advance, and in that respect it differs from this case, it appears from the discussion of the question in the opinion that this court was of the opinion that on account of the nature of oil and gas leases a lease containing a provision for delay money, which by its terms did not stipulate the time of payment, should be construed most favorably to the lessor and the rentals held to be payable in advance. In the course of that opinion Mr. Justice Hardy, speaking for the court, said:

"It is true that in the cases cited the delay money was by express terms payable in advance, and therefore the particular clause here involved was not construed by the court; but the same rule of construction would apply to this provision as to all the other terms thereof, and, no time being fixed in the lease as to when said rental should be paid, applying a strict rule of construction thereto as against the lessee and in favor of the lessor, we are justified in holding that such rental should be paid in advance."

The opinion in that case quotes with approval from the case of Dill v. Fraze, 169 Ind. 53, 79 N. E. 971, as follows:

"The unit of payment was $40, and the question arises whether such payment was to be made in advance. While the ordinary rule governing rentals is that payment in advance is not required, unless so stipulated in the contract, yet, as the endeavor of courts in the enforcement of agreements is to effectuate the intent of the makers, we are of opinion that, in the circumstances of this case, it should be held that it was the purpose of the parties that payment should be made in advance. The situation of appellant must be considered. There was no express agreement on the part of the operator that he would even explore for gas or oil; on the contrary, he had reserved the right at any time, upon the payment of the nominal consideration of $1, to cancel and annul the contract. He had not agreed that he would pay any sum in the nature of rent."

For the reasons stated, we hold that the delay money was payable in advance and was due on April 5, 1915, and, not having been paid in time, the lessor was not bound to receive the same when tendered to him, and he had the right to terminate the lease.

From what we have said, it follows that the court did not err in sustaining the demurrer to the answer and cross-petition, and the judgment should be affirmed.

All the Justices concur.