**SOUTHWESTERN OIL CO. v. KERSEY et al.**

No. 9793—Opinion Filed Jan. 8, 1921.

(Syllabus by the Court.)

**Oil and Gas—Lease—Construction—Delay in Development.**

Where an oil and gas lease contains an express stipulation for delay in development by the payment of rentals, held, that an implied covenant for development will not be permitted to change the agreement of the parties.

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by A. D. Kersey and another against the Southwestern Oil Co., to cancel oil lease. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions.

Geo. S. Ramsey, Wm. H. England, Edgar A. deMeules, Malcolm E. Rosser, Villard Martin, and J. Berry King, for plaintiff in error.

J. E. Curran, for defendants in error.

HIGGINS, J. This action was brought by A. D. and K. J. Kersey, grantees of lessor, against the Southwestern Oil Company, assignee of lessee, to cancel oil and gas lease. As grounds for cancellation plaintiffs pleaded failure on the part of defendant to properly develop the premises for oil and gas purposes in accordance with the provisions of the lease. Defendant answered that the terms of the lease had been complied with, and that all rentals or commutation money due thereunder had been paid. Plaintiffs replied, denying all new matter. At the trial of the cause, after hearing all the evidence, the court rendered judgment for plaintiffs, canceling the lease. It was held that defendant had not continued development sufficient to hold the lease. Motion for new trial was overruled, and defendant brings this appeal.

The oil and gas lease in controversy contains the following two pertinent provisions:

"This lease to be null and void and no longer binding on either party if a well is not commenced on the premises within two years from this date, unless the said lessee shall pay for further delay at the rate of sixteen dollars ($16.00) per annum. A deposit in the Farmers National Bank of Ponca City, Okla., to the credit of lessor to be a good and lawful payment of any moneys on this lease. * * * *.

"This lease to be null and void and no longer binding on either party, if actual operations for drilling is not commenced within one year from this date, on some tract of land in Vernon township, west of the section line along the east line of the town of Peckham, or in the east half of Lowe township and within township 28 north, in Kay county, Oklahoma, or in some tract of land not more than two miles directly south of said described territory."

An examination of the record and evidence discloses that after several annual rentals plaintiffs then notified the bank and defendant that further rentals would not be accepted; that a tender of rental was made by defendant sufficient in amount to cover the remainder of the lease period; that such rental was refused by plaintiffs; that several loads of material were moved upon the premises and preparations made for the construction of a rig; that the rig was not constructed nor drilling operations commenced; that actual operations for driling were commenced within the time provided in the east half of Lowe township and within township 28 north.

The fact that the rentals were paid, and the future rentals for the remaining period of the lease offered to be paid, is not disputed or controverted. Therefore the only question to be determined in this case is whether or

not the payment of rental under the lease is sufficient to postpone development.

This question has already been affirmatively settled by this court. See Maud O. & G. Co. v. Bodkin, 75 Okla. 6, 180 Pac. 959; Southwestern Oil Co. v. Bechtel, 71 Oklahoma, 177 Pac. 108; Rich v. Doneghey, 71 Oklahoma, 177 Pac. 86; Eastern Oil Co. v. Beatty, 71 Oklahoma, 177 Pac. 104; Southwestern Oil Co. v. McDaniel, 71 Oklahoma, 175 Pac. 920; Southwestern Oil Co. v. Hendricks, 71 Oklahoma, 175 Pac. 922; Northwestern Oil & Gas Co. v. Branine et al., 71 Oklahoma, 175 Pac. 533; Pucini et al. v. Bumgarner, 71 Oklahoma, 175 Pac. 537. In these cases this court has sustained the validity and binding force of the "unless" lease, holding that one dollar cash bonus is sufficient to support the grant of right to postpone development by rental payment, and that where, by express agreement of the parties, the right to postpone development by payment of rental is granted, any implied covenant to develop is excluded.

The judgment is therefore reversed, and the cause remanded, with directions to enter judgment for defendant.

All the Justices concur.