**Marshall N. JORDAN and Faye Jordan, Husband and Wife, Plaintiffs,**

v.

**TEXACO INC., a corporation, Defendant.**

**Civ. No. 68–381.**

United States District Court
W. D. Oklahoma.
March 28, 1969.

Tom J. Ruble, Taloga, Okl., H. B. Watson, Jr., Oklahoma City, Okl., for plaintiffs.

Elmer W. Adams, Tulsa, Okl., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, District Judge.

■ The Court has under consideration Defendant's Motion for Summary Judgment. Plaintiffs' Complaint alleges that the Defendant has violated the implied covenant to diligently develop the premises covered by an oil and gas lease which was entered into by Plaintiffs and Defendant on October 31, 1961, for a term of five years and as long thereafter as oil and gas is produced. One producing well on the premises holds the entire lease. There is no off-set drainage and that implied covenant is not involved herein. The relief prayed for by the Plaintiffs is forfeiture or cancellation of the lease except as to the spaced unit upon which the one producing well is located. Defendant contends that the clear and unambiguous terms of the lease preclude forfeiture of the lease by the Plaintiffs and Defendant is, therefore, entitled to a judgment of dismissal herein as a matter of law under Rule 56, F.R.Civ.P., 28 U.S.C.A.

Paragraph 10 of the lease reads as follows:

"In the event Lessor considers that Lessee has failed to comply with any obligation hereunder, express or implied, Lessor shall notify Lessee in writing specifying in what respects Lessor claims Lessee has breached this lease. The service of such notice and the lapse of sixty days without Lessee's meeting or commencing to meet the alleged breaches shall be a condition precedent to any action by Lessor for any cause. If within sixty days after receipt of such notice, Lessee shall meet or commence to meet the breaches alleged by Lessor, Lessee shall not be deemed in default hereunder. The breach by Lessee of any obligation hereunder shall not work a forfeiture or termination in whole or in part of this lease."

Plaintiffs assert in their Brief and in oral arguments conducted herein that Paragraph 10 precludes only *automatic* forfeiture. However, the easy answer to this contention is that the forfeiture of an oil and gas lease for the violation of an implied covenant, is never automatically accomplished. Litigation is necessary unless the parties should agree to a cancellation of the lease between themselves. Therefore, this contention of Plaintiffs' is without legal basis.

■■ The parties to an oil and gas lease in Oklahoma may lawfully contract with respect to the implied covenant to develop. The familiar delay rental contract is an example. There is no statutory prohibition against such a contract. When the parties expressly contract regarding an implied covenant and contract against its effect, in whole or in part, the express agreement controls over the implied covenant. Central States Production Corporation v. Jordan, 184 Okl. 262, 86 P.2d 790 (1939); Southwestern Oil Co. v. Kersey, et al., 80 Okl. 135, 195 P. 120 (1921); Eastern Oil Co. v. Beatty, 71 Okl. 275, 177 P. 104 (1918); Southwestern Oil Co. v. McDaniel, 71 Okl. 142, 175 P. 920 (1918); I. T. I. O. v. Rosamond, 190 Okl. 46, 120 P.2d 349 (1941).

■ Regarding forfeiture of oil and gas leases, Dr. Merrill says in "Covenants Implied in Oil & Gas Leases," 2nd Ed., 1959 Pocket Part, p. 126:

"Probably the parties by contractual stipulation may bar the remedy of forfeiture, unless such compacts are forbidden by statute. However, to be effectual, a contract precluding forfeiture must clearly state that such is its objective."

In the case before the Court, the Court finds that Paragraph 10 of the lease clearly and unambiguously provides that it is not subject to forfeiture should the Defendant breach any obligation there-

**1142**

under.[1] The Court further finds that the parties have clearly contracted in this respect as to the implied covenant to develop as evidenced by the wording of the first sentence of Paragraph 10: "In the event Lessor considers that Lessee has failed to comply with any obligation hereunder, *express or implied*, * * *" (Emphasis added). The implied covenant to develop, however, has not been entirely abrogated by Paragraph 10. Rather, the implied covenant to develop was left in force with any available relief for its breach other than forfeiture.[2]

■■ Plaintiffs have only sued for forfeiture and cancellation of the lease because of Defendant's alleged breach of an implied obligation. However, for reasons set out above Plaintiffs have surrendered the right to have a forfeiture of the lease for such breach and cannot now ask a court of equity to declare a forfeiture in contradiction to the plain language of their lease. But, Plaintiffs say that the contract provision barring the remedy of forfeiture is in violation of Title 15, Oklahoma Statutes, Section 216. This statute provides:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

This statute, however, has been held not to apply to the substantive rights of a party, but rather to procedural remedies. Moreover, it is not directed to stipulations restricting a party to a particular remedy for the enforcement of his rights in an ordinary tribunal, Straight v. Talcott, Inc., 329 F.2d 1 (Tenth Cir. 1964). Therefore, this statute does not make void the lease provision precluding forfeiture, a substantive right, and restricting the Plaintiffs to their remedy of damages.

Under the provisions of Rule 56, F.R. Civ.P., the Court finds no genuine issue of material facts herein and that the Defendant is entitled to summary judgment dismissing the action asserted in the Complaint against it because the Plaintiffs are not entitled as a matter of law to the remedy of forfeiture sought herein.

---

1. Unlike the majority opinion in Magnolia Petroleum Co. v. Vaughn, 195 Okl. 662, 161 P.2d 762, (1945), Paragraph 10 of the lease herein is not ambiguous, does not mention delay rentals and contains no language which would limit the surrender of forfeiture to the primary term of the lease. Counsel for Plaintiffs acknowledged at oral arguments that Paragraph 10 of the lease was not ambiguous.

2. Plaintiff has not sought damages for breach of the implied covenant to develop. Summers Oil & Gas, Perm. Ed. Vol. 3, § 433, p. 6. Also see Summers Oil & Gas, Perm. Ed. Vol. 2, § 398, p. 559, with reference to the obligation to reasonably develop the lease after discovery of oil or gas.