[No. 6,951.—Department One.]

JOSIAH STURGIS v. JOHN GALINDO ET AL.

SPECIFIC PERFORMANCE OF CONTRACT—VENDOR AND VENDEE—MUTUALITY.—If an agreement be deficient in either fairness, justice, or certainty, its specific execution will not be decreed, and in addition to these elements the agreement must be mutual; and when from personal incapacity, the nature of the contract, or any other cause, a contract is incapable of being enforced against one party, it can not be specifically enforced against the other.

ID.—ID.—ID.—ASSIGNMENT.—P. agreed to convey certain land to B. and J. on or before a date specified, provided the latter complied with the covenants contained in the contract, and the covenants of the latter were, that they would pay for the land a certain sum per acre, and also that they would prospect the land for coal, and should they find sufficient in their opinion to warrant them, they would organize a corporation, and cause to be issued to P. a certain amount of unassessable stock; but that if before the expiration of the specified time they should become satisfied that it was useless to further prospect said lands agreed to be conveyed, for coal, then upon giving thirty days' notice to P. in writing of their intention to abandon said contract, the agreement should be void, Held, in an action for specific performance by the assignees of B. and J., that the contract called for the exercise of personal skill on the part of B. and J., that it could not be specifically enforced against them, because, besides the difficulty of enforcing the contract for personal services, the contract gave them the option to abandon it, and that therefore it could not be specifically enforced against P.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Fifteenth District Court, County of Contra Costa. DWINELLE, J.

Petition for hearing in Bank was filed in this case after judgment, and denied.

*W. H. & J. R. Glascock,* for Appellants.

The contract made December 14th, 1865, between Pacheco, Bromley, and Jones, was entire, and the parties contemplated the consummation of but one object, viz.: the organization of a coal mining company, and working the coal mines supposed to exist upon the land described in the contract. The agreement must stand or fall together. It could not be performed in part and repudiated in part. The conditions were all to be performed before a deed could be demanded from Pacheco. (*Haskell* v. *McHenry,* 4 Cal. 411; *Norris* v. *Harris,* 15 id. 226; *Blythe* v. *Poultney,* 31 id. 233; Story Cont., § 22; Civ. Code, § 1439; Story Eq. Jur., § 759; *Atwood* v. *Norton,* 27 Barb. 638; *Oakley* v. *Morton,* 11 N. Y. 25; *Smith* v. *Brady,* 17 id. 173; *Cunningham* v. *Jones,* 20 id. 486; *Catlin* v. *Tobias,* 26 id. 217; *O'Connor* v. *Dingley,* 26 Cal. 11; *Brannan* v. *Mesick,* 10 id. 95; *Barron* v. *Frink,* 30 id. 486; *People* v. *Jackson,* 24 id. 630; *O'Brien* v. *Pentz,* 48 Md. 562.) The agreement can not be enforced against one party unless when executed it was obligatory upon both parties. (Fry Spec. Per., §§ 233, 235, 286; Story Cont., §§ 447, 448; *Tucker* v. *Woods,* 12 Johns. 189; S. C., 7 Am. Dec. 305; *Keep & Hale* v. *Goodrich,* 12 Johns. 398; Chitty Cont., pp. 13–15; *Eliason* v. *Henshaw,* 4 Wheat. 225; *Tuttle* v. *Love,* 7 Johns. 469; *Utica & S. R. R. Co.* v. *Brinckerhoff,* 21 Wend. 139; S. C., 34 Am. Dec. 220; *Burnet* v. *Bisco,* 4 Johns. 235; *Bennet* v. *Lynch,* 1 id. 369; *Woodcock* v. *Bennet,* 1 Cow. 733; *Cooper* v. *Pena,* 21 Cal. 403; *Cabeen* v. *Gordon,* 1 Hill, 51.) Nor where there is a want of mutuality in the contract, as, *e. g.,* when it is stipulated that one of the parties may abandon the contract at any time on giving a year's notice, etc. (*Marble Company* v. *Ripley,* 10 Wall. 340; *Snell* v. *Mitchell,* 65 Me. 48; *Bowman* v. *Cunningham,* 78 Ill. 48; *Morgraf* v. *Muir,* 57 N. Y. 155; *Mastin* v. *Halley,* 16 Mo. 196; *Port Clinton R. R. Co.* v. *Cleveland etc. R. R. Co.,* 13 Ohio, 544; *McComas* v. *Easley,* 21 Gratt., Va., 23; *Hale* v. *Wilkinson,* id. 75; *Ewins* v. *Gordon,* 49 N. H. 444; *Quinn* v. *Roath,* 37 Conn. 16; *Crane* v. *DeCamp,* 21 N. J. Eq. 414; *Modisett* v. *Johnson,* 2 Blackf., Ind., 431; *Johnson* v. *Dodge,* 17 Ill. 433; *Hunter* v. *Griffin,* 19 id. 251; Civ. Code, § 1649; *Agard* v. *Valencia,* 39 Cal. 292; *Bruck*

v. *Tucker*, 42 id. 347.) The right to the aid of the Court
does not depend upon a subsequent offer to perform, but
upon the original obligatory character of the contract.
(*Duvall* v. *Myers*, 2 Md. Ch. Dec. 401; *Bodine* v. *Gladding*,
21 Pa., 9 Harris, 50.) The assignment by Bromley and Jones
to Pons and Sturgis, canceled the contract. By such assign-
ment Bromley and Jones placed it out of their power to
carry out the agreement relating to prospecting for coal, in-
corporating a company and issuing stock, etc. The contract
was of a personal and confidential character and could not
be assigned. (2 Chitty on Cont., 11th Am. ed., pp. 1087, 1363;
*Frost* v. *Clarkson*, 7 Cow. 27; *Johnson* v. *Reed*, 9 Mass. 78;
*Cooper* v. *Pena*, 21 Cal. 410; *McGill* v. *McGill*, 2 Metc., Ky.,
258; *Dickinson* v. *Callahan*, 19 Pa. St. 227; *Commonwealth*
v. *King*, 4 Serg. & R. 109; *Cooke* v. *Colcraft*, 2 Wm. Bl. 856;
*Wentworth* v. *Cock*, 2 P. & D. 29; *Robson* v. *Drummond*, 2
Barn. & Ald. 303.)

*Mills & Jones* and *Alexander Campbell, Sr.*, for Respond-
ent.

The plaintiff claims that the agreement only requires
Bromley and Jones to prospect said lands sufficiently to
satisfy themselves as to whether there was or was not coal
sufficient to warrant them in organizing a company to work
a mine if discovered. Both Bromley and Jones testify that
they did prospect said lands, and did satisfy themselves that
there was not sufficient to warrant them in organizing a com-
pany, etc. The doctrine of mutuality does not apply. (*Hall*
v. *Center*, 40 Cal. 63–69; *De Rutte* v. *Muldrow*, 16 id. 505–
513; Waterman on Spec. Per. of Cont., § 200, p. 267, and
notes.) Mere inadequacy of consideration or value is not
even a defense *per se*, "and should not, in itself, be deemed
by the Court a sufficient reason to refuse to specifically en-
force a contract, or a cause to set it aside." (Waterman on
Spec. Per. of Cont., c. v, p. 236, § 179, and notes and authori-
ties cited; id., p. 251, § 118; Story's Eq. Jur., § 244; Hilliard
on Vendors, c. iii, p. 20, §§ 3, 10.)

Ross, J.:

This is a suit for the specific performance of an alleged

contract for the sale of real estate, and, therefore, is addressed to the sound discretion of the Court. The discretion to be exercised is not, it is true, an arbitrary or capricious one, depending upon the mere pleasure of the Court, but is one to be exercised and controlled by the established doctrines of equity, applied to the circumstances of the particular case.

"Unless the Court is satisfied," said Chancellor Kent, "that the contract is fair and just, and equal in all its parts, and founded on an adequate consideration, it will not, by the interposition of its extraordinary power, order it to be executed."

If an agreement be deficient in either fairness, justice, or certainty, its specific execution will not be decreed. (2 Story's Eq., §§ 769, 770.)

And in addition to the elements of fairness, justice, and certainty, agreements of the character of that now before us must be mutual before the power of the Court to order specific performance can be successfully invoked. (*Cooper* v. *Peña*, 21 Cal. 403; *Vassault* v. *Edwards*, 43 id. 465; *Marble Co.* v. *Ripley*, 10 Wall. 339; Fry on Spec. Per., § 286.)

Applying these principles to the agreement in question, we are of the opinion that the action can not be maintained. The agreement was made on the 14th day of December, 1865, between Salvio Pacheco of the first part, and John L. Bromley and Benjamin Jones of the second part. At the time of the execution of the contract Pacheco was the owner of the land in question, and Bromley and Jones were familiar with the business of prospecting for coal. By the contract, Pacheco, in consideration of one dollar and of the covenants on the part of Bromley and Jones hereinafter mentioned, agreed to execute to them a deed for the land on or before December 14th, 1867, provided they, Bromley and Jones, should on or before that day have fully complied with their covenants. Bromley and Jones covenanted to pay Pacheco, on or before the said 14th of December, 1867, five dollars per acre for the land; and further, that they would, on or before said 14th of December, prospect the said land for coal and coal veins, and in the event coal or coal veins were found sufficient, in their opinion, to warrant it, they would organize, under the laws of the State, a coal mining company, to be known as the Pacheco Coal Mining Company, and would cause stock to be

issued representing the capital of the company, one sixteenth of which they would deliver to Pacheco, free of cost to him, and which stock should remain forever unassessable. The agreement contained the further covenant, that if Bromley and Jones "should at any time before the expiration of the time hereinbefore *fixed for the completion of this contract, to wit, the 14th day of December,* A. D. 1867, become satisfied that it was useless to further prospect said lands agreed to be conveyed for coal, then upon giving thirty days' notice to said party of the first part, in writing, of their intention to abandon said contract, then and thereafter this agreement shall be void, and of no binding force or effect between the said parties or either of them. It is also agreed, that between the date of the making of this agreement, and until the date of its *completion or abandonment,* the said parties of the second part (Bromley and Jones) may have free ingress and egress into said lands, and use and occupy the same for the purposes of mining as aforesaid."

The contract is not free from uncertainty. It is clear enough, however, that it called for the exercise of personal skill on the part of Bromley and Jones, and that it was the intention of all of the parties to it that they should continue the work of prospecting until the 14th day of December, 1867, unless they should sooner become satisfied that it was useless to prospect further and abandon the contract as herein provided for. Instead of doing one or the other of these things, Bromley and Jones, in April, 1866, conveyed to one Pons one third of their interest in the contract, and in the months of September and October, 1867, conveyed the remainder of their interest to the plaintiff, who, about the same time, also acquired the interest of Pons. Bromley and Jones not only did not perform their covenants, but by the assignments (assuming them to be valid) put it out of their power to perform. It is, moreover, perfectly clear that a specific performance of the contract could not have been performed at the suit of Pacheco; for besides the difficulty of enforcing the performance of personal services, the agreement contained the express stipulation that if, at any time prior to the period fixed for the completion of the contract, Bromley and Jones should become satisfied that it was useless further to prospect the land,

they should have the right, upon giving thirty days' notice to Pacheco of their intention so to do, to abandon the contract.

"It is a general principle," says Mr. Fry at section 286 of his work on Specific Performance, "that when, from personal incapacity, the nature of the contract, or any other cause, a contract is incapable of being enforced against one party, that party is equally incapable of enforcing it specifically against the other, though its execution in the latter way might, in itself, be free from difficulty attending its execution in the former."

We may add, in conclusion, that it is by no means clear but that the true interpretation of the contract is that it was not the intention of any of the parties to it that Pacheco should convey the land unless Bromley and Jones should find sufficient coal therein to warrant them in organizing the Mining Company, and should pay Pacheco, as the consideration of the conveyance, not only five dollars per acre in money, but also one sixteenth of unassessable stock of the company. But, however that may be, we are of the opinion that the case presented is not a proper one for the exercise of the extraordinary power successfully invoked in the Court below.

Judgment and order reversed and cause remanded.

McKINSTRY, J., and McKEE, J., concurred.