BABCOCK ET AL., APPELLANTS, *v.* ENGEL, RESPONDENT.

(No. 4,220.)

(Submitted November 17, 1920. Decided December 6, 1920.)

[194 Pac. 137.]

*Specific Performance—Defenses—Intoxication—Inadequacy of Consideration — Appeal and Error — Findings—Evidence— Insufficiency—Scope of Review—Theory of Case.*

Specific Performance—Discretion.
　　1. Specific performance is not granted as a matter of right, but in every instance the application is addressed to the sound discretion of the court.
Appeal and Error—Equity—Findings—Evidence—Insufficiency.
　　2. On appeal in an equity case, where the ground on which reversal is asked is that the evidence does not sustain the findings, the question is not whether every finding is sustained, but whether there is any correct finding which will support the judgment.
Specific Performance—Defense—Intoxication—Contract Voidable, When.
　　3. If defendant in a suit for specific performance of a contract to sell and convey realty was so far under the influence of intoxicating liquor at the time he signed the contract that he was incapable of giving his assent, it was voidable at his election when he became sober.
Same—Intoxication—Evidence—Sufficiency.
　　4. Evidence *held* to show some substantial support for the finding that when defendant entered into a contract of sale of realty, specific performance of which was sought by the buyer, defendant was intoxicated.
Same—Findings—Evidence—Insufficiency—Scope of Review.
　　5. On appeal, in an equity case, from the judgment only, the supreme court will go no further, in disposing of the assignment that the evidence is insufficient to support the findings, than to ascertain whether there is substantial evidence to support them.

Same—Inadequacy of Consideration—Statutory Defense.

> 6. By express declaration of section 6103, Revised Codes, inadequacy of consideration is made a defense to an action for specific performance of a contract.

Same—Defense of Intoxication—Question of Fact.

> 7. The question whether a party to a contract was so far under the influence of intoxicating liquor as to render him incapable of giving his consent is one of fact, to be determined from all the evidence.

Same—Defenses—Intoxication — Inadequacy of Consideration—Burden of Proof.

> 8. Where in a suit for specific performance the defense of inadequacy of consideration is coupled with that of intoxication, the rule that where defendant relies on the defense of intoxication alone, he must show that he was so far under the influence of intoxicants as to render him incapable of consent at the time the contract was executed, is less stringent, on the theory that equity will not compel the performance of an unjust contract procured from one under the influence of intoxicants whereby he was more easily influenced into a bad bargain than when sober.

Trial—Theory of Case—Appeal.

> 9. The issue of inadequacy of consideration, though improperly joined with the defense of latent defects in the property which was the subject of a suit for specific performance, having been tried as though properly before the court, appellant was estopped to urge on appeal that the issue was not properly raised by the pleadings.

*Appeal from District Court, Musselshell County; Charles L. Crum, Judge.*

Action by G. M. Babcock and Ida Babcock against Charles A. Engel. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

*Messrs. Carothers & Jones, Mr. J. W. Barker, Mr. Rudolf Von Tobel, Mr. Henry C. Smith* and *Mr. Park Smith,* for Appellants, submitted a brief; *Mr. Henry C. Smith* argued the cause orally.

We contend that the defendant failed to prove that he was even drunk; but assuming that he was intoxicated to some extent, his condition was not such as to authorize him to rescind his solemn, acknowledged contract.

---

On right to affirmative relief in equity from contract upon the ground that it was procured from complainant while intoxicated, see note in 17 L. R. A. (n. s.) 1066.

Degree of intoxication of contracting party necessary to invalidate contract, see note in 8 Ann. Cas. 254.

Intoxication must be so deep and excessive as to deprive one of his understanding. If intoxication is relied on as a defense, it must be to such a degree that the party who wishes to avoid his contract on this ground must have been deprived of his reason and understanding. (14 Cyc. 1103; 6 Ruling Case Law, "Contracts," 595–631.) Drunkenness must be so complete as to suspend all rational thought. (*Seeley* v. *Goodwin*, 39 Nev. 315, 156 Pac. 934.) Incapacity from use of intoxicating liquors must be proved by clear and satisfactory evidence leaving no substantial doubt. (*Burnham* v. *Burnham*, 119 Wis. 509, 100 Am. St. Rep. 895, 97 N. W. 176.) In the case of *Pickett* v. *Sutter*, 5 Cal. 412, the court said: "It is not alone the influence of liquor which avoids a contract, but it must be shown to exist to such an extent as to seriously impair the reasoning faculties at the time of the contract." "Drunkenness, to afford ground for avoiding a contract, must be so excessive as to render the person incapable of consent, or for the time to incapacitate him from exercising his judgment." (*Reynolds* v. *Dechaums*, 24 Tex. 174, 76 Am. Dec. 101.) "Where a purchaser or seller of any property, real or personal, buys or sells upon a mistaken idea of its nature, quality or value, this mistake of one, unless induced by the other, does not affect the binding force of the agreement." (9 Cyc. 395.) Mere expression of opinion as to value does not amount to fraud or warranty. (9 Cyc. 416; *Mayo* v. *Wahlgreen*, 9 Colo. App. 506, 50 Pac. 40.) "One who contracts for the purchase of real estate in reliance on the misrepresentations and statements of the vendor as to its character or value, but after he has visited and examined it for himself, and has had the means and opportunity of verifying such statements, cannot avoid the contract on the ground that they were false or exaggerated." (*Brown* v. *Smith*, 109 Fed. 26; *Slaughter's Admr.* v. *Gerson*, 13 Wall. (U. S.) 379, 20 L. Ed. 627; *Farrar* v. *Churchill*, 135 U. S. 609, 34 L. Ed. 246, 10 Sup. Ct. Rep. 771; *Southern Development Co.* v. *Silva*, 125 U. S. 247, 31 L. Ed. 678, 8 Sup. Ct. Rep. 881; *Johnson* v. *Harmon*, 94 U. S. 371, 24 L. Ed. 271 [see, also, Rose's U. S. Notes].)

Where the wife did not join in the contract, specific performance may be decreed against the husband, reserving the wife's dower right. (*Jones* v. *Geiske,* 25 Mont. 132, 63 Pac. 1042.)

A cause of action for specific performance of a contract may be joined with one for damages for a breach. (Pomeroy's Code Remedies, 4th ed., sec. 348; *Winders* v. *Hill,* 141 N. C. 694, 54 S. E. 440; *Tootle* v. *Kent,* 12 Okl. 674, 73 Pac. 310; *Mann* v. *Higgins,* 83 Cal. 66, 23 Pac. 206; *Krakow* v. *Wille,* 125 Wis. 284, 4 Ann. Cas. 1016, 103 N. W. 1121.)

*Mr. W. C. Husband* and *Mr. V. D. Dusenbury,* for Respondent.

That the degree of intoxication shown by the evidence and established by the finding in this case is sufficient to invalidate the contract is well established by the authorities. In 6 R. C. L., at page 597, the rule is stated as follows: "The rule generally recognized at the present time is, that the intoxication of a party which will invalidate a contract entered into by him must be such as to render him incapable of knowing what he is doing, or to deprive him of the powers of reasoning and understanding to such an extent that he fails entirely to comprehend the consequence of his acts." However, it should be borne in mind that the rule stated above relates to the validity of a contract in a court of law. It is also clearly established by the authorities that in an action for specific performance, the intoxication of the defendant to such a degree that he is incapable of giving an intelligent assent, although it might not be sufficient ground for the rescission of a contract, is nevertheless a defense for its specific enforcement. In 36 Cyc. 614, the rule is stated as follows: "It is the rule laid down by many cases that defendant's intoxication, to such a degree that he is incapable of giving an intelligent assent, even though it is not unfairly taken advantage of by the other party, and may not be ground for rescission of the contract, is nevertheless a defense to its specific enforcement. It is certainly a matter to be given great weight in connection with other inequitable incidents."

In 25 R. C. L., page 241, we find the following: "Ignorance, inexperience, or even habitual intemperance of one of the contracting parties may be a ground for denying a decree for specific performance, where it is sufficient to cast a suspicion on the fairness of the transaction."

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The facts out of which this controversy arosè are substantially these: On November 22, 1916, Chas. A. Engel entered into an agreement in writing with G. M. Babcock and wife, by the terms of which Engel agreed to sell and convey to Babcock 320 acres of agricultural land situated near Ryegate, Montana, subject to a mortgage of $1,500, which Babcock assumed and agreed to pay, and also agreed to sell to Babcock personal property of the designated value of $2,000. In consideration therefor Babcock and wife agreed to sell and convey to Engel the New Park Hotel property in Ryegate, consisting of two town lots, with the hotel building and other improvements, and including, also, the furnishings in and belonging to the hotel, subject to a mortgage of $3,500, which Engel assumed and agreed to pay. The contract provided that the conveyances should be executed and delivered within five days; but, before the expiration of that period, Engel gave notice that he would not be bound, and this suit to enforce specific performance was instituted. The wife of Engel was made a defendant, but there was not any attempt to fasten liability upon her, as she was not a party to the contract.

Engel interposed the following defenses: (1) That the contract was not to become effective unless and until approved by Mrs. Engel, and that her approval was never secured and could not be secured; (2) that the hotel property was subject to an outstanding lease, which precluded plaintiffs from giving possession; (3) that the hotel bore a bad reputation, which fact was fraudulently concealed; (4) that there were latent defects in the building, which greatly impaired its value, which fact was also fraudulently concealed by Babcock, and that the value of the property to be transferred by plaintiffs was

so much less than the value of the property to be conveyed by Engel that the bargain, if enforced, would be an unconscionable one; and (5) that, at the time the agreement was prepared and executed, Engel was so far under the influence of intoxicating liquors as to incapacitate him to transact business.

Issues were joined, and the cause was tried to the court with a jury. Special interrogatories were submitted to the jury and answered favorably to the defendant Engel, and these findings were approved and adopted by the court. From the judgment dismissing the complaint, plaintiffs appealed.

Practically the only contention made in this court is that the evidence does not sustain the findings. That there is not any substantial evidence to support some of the findings may be conceded at once; but it does not follow therefrom that [1, 2] plaintiffs are entitled to prevail upon this appeal. Specific performance is not granted as of right; but the application, in every instance, is addressed to the sound discretion of the court (*Interior Securities Co.* v. *Campbell*, 55 Mont. 459, 178 Pac. 582), and on appeal the question is, not whether every finding is sustained, but whether there is any correct finding which will support the judgment (*In re Williams' Estate*, 52 Mont. 192, Ann. Cas. 1917E, 126, 156 Pac. 1087).

If, as a matter of fact, Engel was so far under the influence [3] of intoxicating liquor, when he signed the contract, that he was incapable of giving his assent, then it is altogether immaterial what representations Babcock may have made, what facts he may have concealed, or whether the hotel property was worth more or less than the farming property; for under such circumstances the writing, though purporting to be a contract, would be wanting in one of the indispensable prerequisites of an enforceable agreement; that is to say, it would be voidable at the election of Engel when he became sober. It is therefore unnecessary to consider whether every one of the findings is supported by the evidence, and our investigation will be limited to two of them.

To specific inquiries the jury answered that on November 22, 1916, at the time the agreement was made and executed, [4] the defendant Chas. A. Engel was "so under the in-

fluence of intoxicating liquors as to deprive him of his powers of reasoning and render him unable to comprehend the consequences of his act in executing said agreement.'' And again the jury answered that the property to be conveyed by the plaintiffs would not ''constitute a fair or adequate consideration for the property to be conveyed by the defendant.''

Engel himself testified to the effect that, availing himself of his wife's absence from home, he had been indulging greatly to excess and had been drunk on November 21; that he drank heavily of whisky which he had at his home before he started for Ryegate on the morning of November 22; that immediately upon his arrival in the town he had four or five drinks of whisky and blackberry before he entered upon the negotiations with Babcock; that he was stupid and remembered but little of what transpired but did remember that he did not read the contract. There are surrounding facts and circumstances which tend to cast suspicion upon Engel's testimony when considered in its entirety, but upon the question of his intoxication he was corroborated abundantly.

Four other witnesses, each apparently disinterested, testified that at the time in question Engel was intoxicated, and of these two at least expressed the opinion that he was so far under the influence of alcoholic intoxicants that he could not comprehend the nature of his acts, or, in other words, that he was not qualified to transact business. An even greater number of witnesses testified on behalf of plaintiffs that, at the time in question, Engel was sober. So far as the evidence is disclosed to us by the printed record, it cannot be said that there is any circumstance which even tends to show inherent improbability in the story told by any of these witnesses, or which tends to cast suspicion upon its verity. The jury in the first instance, and the trial court thereafter, determined upon the credibility of the witnesses and the weight to be given to their testimony. The jury and the presiding judge each had the distinct advantage of seeing the witnesses on the stand, observing their demeanor, their apparent candor and fairness or lack of either, their apparent interest or absence of it, and from these circumstances either was much better

qualified to pass upon and appraise the evidence at its true value, than are the members of this court. But on appeal [5] from a judgment only we are not to pursue our inquiry further than to ascertain whether there is substantial evidence to support the findings above. This rule was adopted in the earliest days of the territory, and has been followed consistently from *Vantilburgh* v. *Black*, 2 Mont. 371, to the latest case in which the question was presented. (*Buhler* v. *Loftus*, 53 Mont. 546, 165 Pac. 601.)

Whatever else may be said of the conflicting evidence, it cannot be contended that there is not some substantial evidence to support the finding that at the time the contract was executed, Engel was intoxicated. The evidence touching the value of the respective properties is equally conflicting, but there is substantial evidence from which it might be determined that the property which Engel was to convey was worth approximately twice as much as the property which he was to receive.

By express declaration of our statute, inadequacy of [6] consideration is made a defense to an action for specific performance of a contract. (Sec. 6103, Rev. Codes; *Finlen* v. *Heinze*, 28 Mont. 548, 73 Pac. 123.)

Intoxication *eo nomine* is not made a defense by the Codes, and there was a time in the history of our jurisprudence when courts refused to lend their aid to relieve one from the consequences of his own voluntary intemperance, but the doctrine of stultification has long since been abandoned. The courts do not now concern themselves so much with the question of intoxication as with the question of contractual capacity, and if in fact either party is not mentally capable of giving his free consent to the terms disclosed by the writing, it is altogether immaterial by what cause his incapacity was produced. The courts have simply recognized the fact that intoxication, among other things, may render a person incapable of making a binding contract.

In considering intoxication as a ground for rescission, Black on Rescission and Cancellation, section 278, says: "Generally it has been thought that it was not necessary to prove

an entire loss of reason or to show that the person was entirely demented by drink. The test approved by the great majority of the decisions is the same which is applied in other forms of mental derangement, namely, that the deed or contract will be voidable if the person, at the time of its execution, was so far under the influence of intoxicants as to be unable to understand the nature and consequences of his act, and unable to bring to bear upon the business in hand any degree of intelligent choice and purpose.''

Under our statute, if the defense of intoxication alone is relied upon, the question presented is this: Was the party so far under the influence of intoxicating liquors as to render him incapable of giving his consent? And this is true for the reason that, to constitute a binding bilateral agreement, the parties must have given their free and voluntary assent [7] to the terms. (Secs. 4966, 4971, Rev. Codes.) The question is one of fact, to be determined from all the evidence. (14 Cyc. 1104.)

The courts have held quite uniformly that, whenever the [8] element of inadequacy of consideration is coupled with the defense of intoxication, a less stringent rule with respect to the burden of proof will be applied, upon the theory that one party will not be permitted to invoke the aid of a court of equity to assist him in compelling the performance of a contract whose terms are, as to his adversary, unjust, when such terms were exacted while the adversary was laboring under the influence of intoxicants, by reason whereof he was more easily influenced into a bad bargain, and less able than he would be when sober, to protect his own interests. (36 Cyc. 614; *Swan* v. *Talbot,* 152 Cal. 142, 17 L. R. A. (n. s.) 1066, 94 Pac. 238.)

The defense of inadequacy of consideration was pleaded, with the defense of latent defects in the hotel property; but [9] there was not any motion made to compel defendant to separately state and number it. The issue was tried as though it was properly before the court; each party introduced evidence concerning it; the special interrogatory was submitted without objection, and after it had been answered

by the jury as indicated above, plaintiffs moved the court to disregard the answer and return an answer to the effect that the consideration was adequate. Under these circumstances it is now too late for appellants to urge that the issue was not raised by the pleadings.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, MATTHEWS and COOPER concur.

