TEMPLETON, APPELLANT, *v.* WILLIARD ET AL., RESPONDENTS.

(No. 6,348.)

(Submitted October 8, 1928.  Decided November 16, 1928.)

[272 Pac. 522.]

*Messrs. Freeman, Thelen & Freeman,* for Appellant, submitted a brief; *Mr. James W. Freeman* argued the cause orally.

Messrs. *Belden & DeKalb, Mr. Merle C. Groene* and *Mr. Louis P. Donovan,* for Respondents, submitted a brief; *Mr. H. Leonard DeKalb* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

Plaintiff brought this action against the defendants to obtain a decree of court to compel them specifically to perform a contract which he had entered into with them on the eighth day of August, 1925, by the terms of which he was "entitled to the possession" of a certain sixty-acre tract of land, and agreed to commence oil-drilling operations therein within ninety days, and prosecute the same with diligence until a depth of 1,600 feet was reached, unless commercial production of oil or gas was obtained at a lesser depth, and thereafter to drill not less than three wells per year on the premises until the same were fully developed, or until "he

surrendered his interest in said lease as hereinafter provided." The instrument further provided that plaintiff should drill all offset wells necessary to protect the acreage, all of which was to be done on a fifty-fifty working basis, the terms of which are set out in detail. The instrument also gave the plaintiff the exclusive control, management and possession of the leased land, and the development and operation thereof, and further provided: "The party of the second part shall fully comply with all the terms and provisions in the lease hereinabove mentioned, in so far as they affect the premises above described, unless and until said lease is surrendered unto the party of the first part, but the party of the second part shall have the right, however, upon the payment of one dollar ($1) to the party of the first part, to surrender the whole of the above described premises, or any forty (40) acre tract therein contained, and shall thereafter be relieved by said party of the first part from any further liability, as to such lands surrendered."

In his complaint the plaintiff says that the defendants are in possession of the lands covered by the agreement; that he has demanded possession of the same, which possession has been refused; that he has performed all the conditions to be performed by him, up to the time of filing the complaint, "and is ready and willing to do and perform all the terms and conditions of said agreement * * * which are by him to be performed"; that the premises covered by said agreement have a large and speculative value for the production of oil and gas, and that it would be difficult to ascertain plaintiff's actual damage in the action; and prays that the defendants be required specifically to perform the terms and conditions of said agreement and to deliver possession of the lands involved to the plaintiff, together with the improvements thereon, and for general relief.

The defendants filed an answer, setting up affirmative defensive matters, which were put in issue by plaintiff's reply thereto.

The cause was brought on for trial before the court sitting without a jury; whereupon the defendants objected to the introduction of any evidence on the part of the plaintiff, for the reason that the complaint failed to state facts sufficient to constitute a cause of action. The objection was sustained, and the complaint was dismissed. Judgment was thereupon entered in favor of the defendants, and plaintiff has appealed.

The principal question involved, and one which is decisive of the case, is whether, by reason of the presence of the surrender clause in the contract upon which the action is based, which clause is quoted in full above, the contract lacks mutuality of remedy, so as to bar the plaintiff from equitable relief.

The general principle of equity is that a contract will not be specifically enforced, unless it has such mutuality that it can be enforced by either party, and that a decree of specific performance will be granted only in those cases where there is mutuality of obligation and remedy. (25 R. C. L. 232; 23 Cal. Jur. 445.) This rule is substantially adopted by statutory enactment. Section 8716, Revised Codes of 1921, provides: "Neither party to any obligation can be compelled specifically to perform it, unless the other party thereto has performed, or is compellable specifically to perform, everything to which the former is entitled under the same obligation, either completely, or nearly so, together with full compensation for any want of entire performance."

This principle is well stated in *Ten Eyck* v. *Manning*, 52 N. J. Eq. 47, 27 Atl. 900, in this language: "The enforcement or denial of this remedy [specific performance] is regulated by certain well established principles, one of which is that it will not be granted, as a general rule, in cases where mutuality of obligation and remedy does not exist; or, stated in another form, mutuality of remedy is essential to the maintenance of a suit for specific performance."

And in *Beard* v. *Linthicum*, 1 Md. Ch. 345, it is said that, if one of the parties is not bound, he cannot call upon the court to compel specific performance by the opposite party.

What is meant by "mutuality of remedy" is that the contract must be of such a nature that performance on both sides can be judicially secured. (*Shields* v. *Trammell*, 19 Ark. 51; 25 Am. & Eng. Ency. of Law, 2d ed., p. 32.)

When a party appeals to a court of equity for the specific performance of a contract by the other party thereto, he asks for the exercise of judicial discretion of the chancellor. The relief sought is exceptional. As a general rule, one who complains that another has failed to fulfill his engagements is supposed to have a sufficient remedy at law in the recovery of damages. (*Wilburn* v. *Wagner*, 59 Mont. 386, 196 Pac. 978; *Babcock* v. *Engel*, 58 Mont. 597, 194 Pac. 137; *Interior Securities Co.* v. *Campbell*, 55 Mont. 459, 178 Pac. 582.) The rule is established that a court of equity will not do a vain thing. Where the contract sought to be specifically enforced would permit a party the option to nullify a decree for specific performance, should it be granted, the courts will refrain from an investigation of the facts, for the sufficient reason that one of the parties might at his own caprice set its decree at naught. (*Rust* v. *Conrad et al.*, 47 Mich. 499, 41 Am. Rep. 720, 11 N. W. 265; *Watford Oil & Gas Co.* v. *Shipman*, 233 Ill. 9, 122 Am. St. Rep. 144, 84 N. E. 53; *Ulrey* v. *Keith*, 237 Ill. 284, 86 N. E. 696; *Kolachny* v. *Galbreath*, 26 Okl. 772, 38 L. R. A. (n. s.) 451, 110 Pac. 902; *Reichert* v. *Pure Oil Co.*, 164 Minn. 252, 204 N. W. 882; *Hill Oil Co.* v. *White*, 53 Okl. 748, 157 Pac. 710; *Sturgis* v. *Galindo*, 59 Cal. 28, 43 Am. Rep. 239; *Dabney* v. *Key*, 57 Cal. App. 762, 207 Pac. 921.)

Examining the agreement between plaintiff and the defendants on the point now under consideration, we find that the party of the second part therein (plaintiff herein) expressly reserved the right at any time, at his own option, and without let or leave of the other parties thereto (defendants

herein), by the payment of the nominal sum of $1, to surrender up the premises described in the agreement and thereby relieve himself of any other or further liability under its terms. Since a decree for specific performance may only be entered where there is a mutuality of remedy, if the plaintiff here is entitled to such a decree, so would the defendants be entitled to such a decree against the plaintiff. Suppose the defendants should bring action against the plaintiff to obtain such a decree, and the court, after days or weeks of arduous labor in investigating the disputes of the contending parties, and the expenditure of considerable public funds in carrying on the investigation, should decide in favor of specific performance, and enter a decree accordingly, before the ink was dry on the chancellor's signature to the decree, the defendant in that action could say to the plaintiff therein: "Here is your dollar; I surrender whatever rights I had in the agreement." By this procedure he would, under the very terms of the agreement, be relieved from any further liability thereunder, and the decree of the court would thereby be nullified. No court should, in reason, be called upon to be made a party to such a vain thing.

In the case of *Rutland Marble Co.* v. *Ripley,* 10 Wall. 339, 19 L. Ed. 955, the court had before it for consideration an elaborate agreement concerning the operation of a marble quarry by the defendant Ripley, which gave him the right to abandon the contract at any time on giving the company one year's notice. The plaintiff company was seeking a decree of specific performance. Referring to this particular part of the contract, the court, in the course of its opinion, said: "Another reason why specific performance should not be decreed in this case is found in the want of mutuality. Such performance by Ripley could not be decreed or enforced at the suit of the Marble Company, for the contract expressly stipulates that he may relinquish the business and abandon the contract at any time on giving one year's notice. And it is a general principle that, when * * * a contract is

incapable of being enforced against one party, that party is equally incapable of enforcing it specifically against the other.''

The rule thus announced is cited and approved in *Triumph Electric Co.* v. *Thullen* (D. C.), 228 Fed. 762; *Crown Orchard Co.* v. *Dennis* (D. C.), 220 Fed. 516; *Weegham* v. *Killefer* (D. C.), 215 Fed. 169; *Pantages* v. *Grauman* (C. C. A.), 191 Fed. 317; *Mutual Life Ins. Co.* v. *Griesa* (C. C.), 156 Fed. 398; *Brewster* v. *Lanyon Zinc Co.* (C. C. A.), 140 Fed. 801; *Federal Oil Co.* v. *Western Oil Co.* (C. C.), 112 Fed. 373; *Elliott* v. *Elliott*, 3 Alaska, 352; *Wolverton* v. *Mt. States Tel. Co.*, 58 Colo. 58, Ann. Cas. 1916C, 776, 142 Pac. 165; *Ulrey* v. *Keith*, supra; *Watford Oil & Gas Co.* v. *Shipman*, supra; *Fowler Utilities Co.* v. *Gray*, 168 Ind. 1, 120 Am. St. Rep. 344, 7 L. R. A. (n. s.) 726, 79 N. E. 897; *Killebrew* v. *Murray*, 151 Ky. 345, 151 S. W. 662; *Wadick* v. *Mace*, 191 N. Y. 1, 83 N. E. 571; *Solomon* v. *Wilmington, etc.*, 142 N. C. 439, 6 L. R. A. (n. s.) 391, 55 S. E. 300; *Kolachny* v. *Galbreath*, supra; *Eclipse Oil Co.* v. *South Penn Oil Co.*, 47 W. Va. 84, 34 S. E. 923; *Electric Lighting Co.* v. *Mobile*, 109 Ala. 190, 55 Am. St. Rep. 927, 19 South. 721; *Sturgis* v. *Galindo*, supra; *Tousey* v. *Etzel*, 9 Utah, 329, 34 Pac. 291. It is true that there are some exceptions to this general rule, but they do not arise in this case.

Counsel for plaintiff cite and rely upon the case of *Guffey* v. *Smith*, 237 U. S. 101, 59 L. Ed. 856, 35 Sup. Ct. Rep. 526. In that case the contest arose between the assignees of a first lessee and the assignee of a second lessee of a small tract of supposedly oil-bearing land located in the state of Illinois. The first lessee and his assignees complied with the terms of the lease by making payment of the delay rentals therein required, but did not begin drilling operations. The assignee of the second lease entered upon the leased land and began operations, whereupon the assignees of the first lease asserted their claims and demanded that the operations should cease, and brought action to obtain an

injunction to restrain such operations. The case did not involve the question of specific performance, was not between the parties to the first lease, but was between third parties. In defense it was argued that the first lease was invalid, because it contained a surrender clause and could not be enforced in favor of the lessees under that lease. The court considered the rule laid down in *Rutland Marble Co.* v. *Ripley*, supra, but held it inapplicable to the facts presented and said: "The rule intended to be invoked has to do with the specific performance of executory contracts, is restrained by many exceptions, and has been the subject of divergent opinions on the part of jurists and text-writers. Without considering it in other aspects, we think it is without present application. Rightly understood, this is not a suit for specific performance. Its purpose is not to enforce an executory contract to give a lease, or even to enforce an executory promise in a lease already given."

Arguing from other language contained in *Guffey* v. *Smith*, and in the holdings of the federal courts in *Shaffer* v. *Marks* (D. C.), 241 Fed. 139, *Washburn* v. *Gillespie* (C. C. A.), 261 Fed. 41, *Wright* v. *Gillespie* (C. C. A.), 261 Fed. 46, and *Great Lakes & St. Lawrence Transportation Co.* v. *Scranton Coal Co.* (C. C. A.), 239 Fed. 603, counsel contend that the rule in this state should be, as stated in the last-cited case, that "if specific performance be otherwise proper, equity is no longer deterred from granting its aid because of a so-called lack of mutuality in the remedy." An insuperable barrier to the adoption of such a doctrine in this state is found in the provisions of section 8716, supra, which declares a contrary rule. As said by the California court in *Dabney* v. *Key*, supra: "However desirable some other rule might be, as applicable to this specific line of cases, it would seem" that an argument for its adoption "should be addressed to the legislature, and not to the courts."

Finally it is said by counsel for plaintiff: "Negative specific performance by means of an injunction would no doubt

be a more appropriate remedy than the affirmative remedy of specific performance in a case of this kind, but the fact that an injunction was not prayed for in the complaint did not warrant the dismissal of the action, if the appellant was entitled to an injunction.'' We are not called upon to determine this point. No suggestion of that kind was made to the lower court. The matter was there submitted solely on the theory that the complaint stated a cause of action for specific performance, and the case will be reviewed here upon the theory on which it was submitted and decided in the district court. (*Smith* v. *Barnes,* 51 Mont. 202, Ann. Cas. 1917D, 330, 149 Pac. 963.)

Other points made by defendants against the sufficiency of the complaint need not be considered, for the reason that the court's ruling that it did not state facts sufficient to constitute a cause of action for specific performance, was fully justified by what has been said above.

For the reasons stated the judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES MATTHEWS and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE MYERS not sitting.

Rehearing denied December 19, 1928.