CONCORD OIL & GAS CO. *v.* THOMPSON.

1. MINES AND MINERALS—OIL AND GAS LEASES—CONSTRUCTION—PAYMENT IN ADVANCE.

   Fair construction of provision in oil and gas lease requiring payment of certain sum in case well was not commenced within six months, and payment of same sum for each additional six months such commencement was delayed, is that such payments should be made at beginning of each six months' period, especially in view of provision for payment "on or before times provided herein for the payment of same," and that lessee so construed it by making payment in conformity therewith for first extension.

Time for payment of rent in lieu of development under oil and gas lease, see annotation in 15 A. L. R. 604.

Liability of lessee in oil and gas lease under provision for rent in event of failure or delay in developing premises, see annotation in 44 L. R. A. (N. S.) 50.

2. SAME—PAYMENTS FOR DELAY IN OPERATION NOT RENTALS.

Specified sums to be paid each six months under oil and gas lease for delay in commencement of well are not, strictly speaking, rentals, but are compensation only for delay, because lessee is not in possession and is not entitled to possession until operation to sink well is begun.

3. SAME—LESSEE'S RIGHTS CONDITIONAL ON BEING EXERCISED WITHIN LIMITED TIME.

Lessee's rights under oil and gas lease are conditional on specified payments being made in advance; the obligation being to pay for an option to do a certain thing if exercised within limited time, while under ordinary lease tenant is to pay for use and occupation.

4. SAME—RULES OF LAW APPLICABLE.

Rules of law applicable to ordinary tenancies do not apply to rights under oil and gas leases.

5. SAME—LESSEE LOSES RIGHTS ON FAILURE TO MAKE PAYMENT.

Where lessee failed to make payment as required in oil and gas lease for extension of time in which to commence well, no such extension was secured, and its rights became terminated when notified by lessor that payment would not be accepted because not made within time limited therefor.

Appeal from Muskegon; Vanderwerp (John), J. Submitted June 11, 1929. (Docket No. 114, Calendar No. 34,422.) Decided October 7, 1929.

Bill by Concord Oil & Gas Company against John A. Thompson and others to construe an oil and gas lease. From a decree for defendants, plaintiff appeals. Affirmed.

*Cross, Foote & Sessions,* for plaintiff.

*Alexis J. Rogoski,* for defendants.

SHARPE, J. On February 3, 1928, the defendants Henry and Marie Smeltekop, husband and wife, entered into a lease of 40 acres of land in Muskegon

county to one E. L. Dee, granting to him the right to mine and operate for oil, gas, and gasoline thereon for the term of two years thereafter. The plaintiff has acquired all rights thereunder by proper assignments. Among the provisions therein were the following:

"The party of the second part agrees to commence a well on said premises within six (6) months from the date hereof, or pay at the rate of forty ($40) dollars, for each additional six months such commencement is delayed from the time above mentioned for the commencing of such well until a well is commenced. A payment of rentals to party of the first part by check made payable to the order of Henry Smeltekop and mailed to his address, viz., Muskegon, or deposited to the credit of lessor in the Muskegon Savings Bank of .......... on or before the days and times provided herein for the payment of same, shall be good and sufficient payment of any rentals provided for in this agreement. And it is agreed that the commencing of such well shall be and operate as a full liquidation of all rent under this provision during the remainder of the term of this lease.    *   *   *

"The party of the second part, his successors or assigns, shall have the right at any time on payment of one dollar to the parties of the first part ....., heirs or assigns, to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine.

"All covenants and agreements herein set forth between the parties hereto shall extend to their successors, heirs, executors, administrators and assigns."

At the expiration of the first six months' period, on August 3, 1928, plaintiff's assignor paid the $40 rental provided for. The next six months expired on

February 3, 1929. It was not then paid. On February 11th, the Smeltekops sent their son to the bank where such payment might be made with instructions to accept it if there, but, if not, to notify the bank not to accept it if paid later. A tender of the $40 was made on February 13th, but refused, and on the following day the Smeltekops entered into a lease of the premises to be used for the same purposes with the defendants Thompson Brothers. The lease to Dee and the assignment thereof to plaintiff have been recorded, as has also the lease to Thompson Brothers.

On February 27, 1929, plaintiff filed the bill of complaint herein, praying that its lease be decreed to be valid and in existence, and that the lease to Thompson Brothers be canceled and removed as a cloud upon its title. Defendants answered, and, after a hearing in which proofs were taken, the trial court entered a decree adjudging plaintiff's lease to be null and void, and that subsequently entered into to be in full force and effect, from which plaintiff has appealed.

In the recent case of *J. J. Fagan & Co.* v. *Burns,* 247 Mich. 674, this court held that a lease of this kind "should be read not only according to its words but in connection with the purpose of its clauses;" that such leases "are to be construed for the benefit of the lessor and against the lessee;" that "in fairness to lessors, extension provisions should be made plain," and that, if there be ambiguity therein, "the construction must be in favor of the lessor." The changes in the forms of leases, due to the construction placed on the language used by the courts in the interest of lessors, and the purpose of inserting certain provisions, are commented on at some length and need not be here repeated.

The provision first above quoted obligated the lessee to commence a well by August 3, 1928, or, if not then commenced, to pay $40 for each additional six months such commencement was delayed. A fair construction of this provision, having in mind the applicable rules above stated, leads us to the conclusion that such payments should be made at the beginning of each six months' period. The lessee did not expressly agree that he would "commence a well" within six months. At its expiration it had two options. It might surrender the lease on the payment of one dollar, or it might continue it in force for six months by the payment of $40 rental, so-called. It promptly made the first payment when it became due. It was under no legal obligation to do so, as surrender might have been had. If it desired to retain rights under the lease, the manner in which it might do so was pointed out—it must make the payment at the expiration of the time to which extension had been had, and thus inform the lessors that the lease was still binding upon them. The manner in which payment should be made was provided for. A check might be mailed to the lessor, or the money might be deposited to his credit "in the Muskegon Savings Bank * * * on or before the days and times provided herein for the payment of same." While no specific time is fixed for making such payment, this provision is strongly suggestive that the extension of time is conditional on such payment being made if further time is desired. That plaintiff's assignor also so construed the contract when making its first rental payment is worthy of note. It also appears that when the tender was made by its representative "he admitted he was late paying the rental," but tried, unsuccessfully, to induce the Smeltekops to accept it. Plaintiff's right to an extension was dependent upon the payment being

made. It was not, strictly speaking, a rental, because the plaintiff was not in possession, nor was it entitled to take possession until operation to sink a well was begun. As was said in *Bettman* v. *Harness*, 42 W. Va. 433 (26 S. E. 271, 36 L. R. A. 566), "these payments are not rentals, but compensation only for delay." The one dollar consideration first paid insured it the right of possession to commence a well for six months. The $40 payments, if made, extended this right for an additional six months. Both parties understood that these payments should be made in advance to secure the extension, and there is no injustice in so holding. Plaintiff's rights were conditional on such payments being made in advance. Its failure to do so terminated its rights under the lease.

In ordinary leases of real estate, where the use and occupation form the consideration for the payment of the rent, there is some presumption that the lessee will have property from which the rental, if not paid at the agreed time, can be secured, and so the undertaking for payment is not construed as a condition on which continued occupation depends. But in leases such as this, where the lessee secures a privilege or option which he may or may not exercise at his will, a different rule should apply. Under the construction placed upon these provisions by the lessee, he may tie up the property of the lessor so as to prevent exploration for one year for the consideration of one dollar paid at the time the lease was executed, and at the end of that time surrender his lease and subject the lessor to the expense of litigation in an effort to collect the $40. The obligation in the case of an ordinary tenant is to pay for use and occupation. Under this agreement, the obligation was to pay for an option to do a certain thing if exercised within a limited time.

The rules of law applicable to ordinary tenancies do not here apply. Plaintiff's right to an extension of time within which "to commence a well on said premises," not having been exercised within the first six months, was conditional on its securing an extension of time to do so. It did not secure such an extension, and its rights became terminated when notified by the lessors that they would not accept the payment because not made within the time limited therefor. The authorities bearing upon the construction which should be placed upon the provisions in such leases are fully collected and discussed in *J. J. Fagan & Co.* v. *Burns, supra.* The views we have expressed find support in *Dill* v. *Fraze,* 169 Ind. 53 (79 N. E. 971); in *Maud Oil & Gas Co.* v. *Bodkin,* 75 Okla. 6 (180 Pac. 959); in *Thomas* v. *Standard Development Co.,* 70 Mont. 156 (224 Pac. 870); and in *Epperson* v. *Helbron,* 145 Ark. 566 (225 S. W. 345, 15 A. L. R. 597). The conclusion reached is not in harmony with several other decisions. See note to 15 A. L. R. p. 604. But, in our opinion, it is justified by the nature of the contract, the intent of the parties in the performance thereof, as evidenced by their acts, and by a consideration of its provisions as a whole.

The decree is affirmed, with costs to appellees.

North, C. J., and Fead, Wiest, Clark, McDonald, and Potter, JJ., concurred. The late Justice Fellows took no part in this decision.