MORROW v. TRATHEN.

1. AUTOMOBILES—PRESUMPTIONS—AUTHORITY—EVIDENCE.
   Presumption that one driving an automobile incident to owner's
   business is duly authorized to do so prevails only so long as
   there is no testimony to the contrary and if the testimony
   opposed to the presumption is clear, positive, and uncontra-
   dicted, it becomes the duty of trial judge to direct verdict if
   the issue is a controlling one (1 Comp. Laws 1929, § 4648).

2. SAME—OWNER'S CONSENT TO EMPLOYEE'S USE OF TRUCK—EVI-
   DENCE.
   Truck owner held, not liable as a matter of law for injuries sus-
   tained by plaintiff as result of negligence of owner's employee
   where evidence shows latter drove truck on occasion involved
   solely for his own pleasure and not for any business of the
   owner and without owner's knowledge or permission (1 Comp.
   Laws 1929, § 4648).

Appeal from Huron; Boomhower (Xenophon A.),
J. Submitted January 3, 1939. (Docket No. 8, Cal-
endar No. 40,279.) Decided March 9, 1939.

Case by Velmah Morrow against Arthur Trathen
and Erwyn McGee for damages for personal injuries
sustained in an automobile collision. Dismissed as
to defendant McGee. Directed verdict and judgment
for defendant Trathen. Plaintiff appeals. Affirmed.

*Leslie R. Middleton,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendant
Trathen.

Sharpe, J.   This is an appeal from a directed verdict in favor of defendant Arthur Trathen.   Plaintiff was injured in a highway collision.   The accident occurred on November 18, 1934, on M–53, a highway at that time under construction by the State highway department, at the city limits of Bad Axe, Michigan. At the time of the collision, defendant Trathen was the owner of the truck and defendant McGee was its driver.   When the cause came on for trial, the case was dismissed against McGee by consent of the parties.

The sole question involved here relates to the authority of McGee to drive the truck registered in the name of Trathen at the time of the accident.   The record shows that for a period of three and a half years prior to the collision, McGee was employed by Trathen as a truck driver; that it was part of McGee's duties to do ordinary service work on the truck, which was done at Trathen's garage; that on the day of the accident (Sunday), McGee proceeded with the servicing of the truck; that after finishing his work he went for a drive to Elkton, a distance of about 10 miles from Bad Axe; that from there he went to visit a friend who lived about four miles from Elkton, and while on the way back to Bad Axe with the truck he had the accident in question; and that at the time of the accident, the truck was not being used for any business of the defendant Trathen, but was being used solely for the pleasure of McGee.   The record also shows that McGee had never used the truck for pleasure purposes before.

Plaintiff contends that a *prima facie* case is made by showing that defendant Trathen was the owner of the truck; that it was operated and controlled on a public highway by his servant; and that the question of whether or not McGee was so operating with the

implied consent of Trathen should have been submitted to the jury. Plaintiff relies upon *Hatter* v. *Dodge Brothers,* 202 Mich. 97, where we said:

"In the absence of such statutory qualifications the possession, use, and control of an automobile in a public place fairly gives rise to the inference that the person so in control is the owner of such property or in lawful possession of it with the express or implied consent of the owner. By statute it is made a felony to take possession of and use a motor vehicle without authority (3 Comp. Laws 1915, § 15431; Act No. 220, Pub. Acts 1917*), and the presumption of innocence, in the absence of proof to the contrary, attends the driver. Unexplained and undisputed, the reasonable inference of consent by the owner and authority of the driver is such as common sense and common experience usually draws and applies to the possession of those driving automobiles along our highways. A *prima facie* case was made out by plaintiff's evidence, putting defendant to its proofs."

During the trial of the cause McGee testified that he had no permission to drive the truck upon the occasion above-mentioned, nor did defendant Trathen have any knowledge that the truck was being so used.

Decision in this cause is controlled by *Sheathelm* v. *Consumers Power Co.,* 280 Mich. 106, where we quoted with approval the statement made in *Wehling* v. *Linder,* 248 Mich. 236:

" 'One who is driving a motor vehicle incident to the owner's business is presumed to be duly authorized to so drive the vehicle; but it is the established law in this State that such a presumption prevails in

---

* For present statute superseding those cited here and later repealed, see Act No. 328, §§ 413, 414, Pub. Acts 1931 (Comp. Laws Supp. 1935, §§ 17115–413, 17115–414, Stat. Ann. §§ 28.645, 28.646).— Reporter.

favor of the litigant relying thereon only so long as that phase of the case is not covered by testimony to the contrary. * * * If the testimony opposed to the presumption is clear, positive and uncontradicted, it becomes the duty of the trial judge to direct a verdict if the issue is a controlling one in the case.' "

See, also, *Kieszkowski* v. *Odlewany,* 280 Mich. 388; *Christiansen* v. *Hilber,* 282 Mich. 403.

The judgment of the trial court is affirmed. Defendant may recover costs.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, and MCALLISTER, JJ., concurred. NORTH, J., took no part in this decision.